*W. A. Bickle* and *O. P. Morton*, for the appellees.

---

The Madison and Indianapolis Railroad Company *v.* Bacon.

6 205<br>139 366

A principal is not liable to one of his servants for injuries sustained through the negligence of another servant, when both are engaged in the same business.

Complaint by a widow against a railroad company, to recover damages for the loss of her husband, who was killed, as the complaint alleged, while traveling as a passenger in one of the defendants' cars. Answer, that the husband was not a passenger, but a servant of the company, and that the accident by which he lost his life happened through the negligence of his fellow-servants acting with him in the management of the train. *Held*, that the answer was sufficient.

Section 3, p. 426, 1 R. S. 1852, which gave to the wife, or in case there was no wife, then to the minor children of a person killed by the negligence or unskilfulness of the officers or servants of a railroad company, &c., a right of action against the company, was repealed by implication by s. 784, p. 205, 2 R. S. 1852.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit by *Euphemia W. Bacon,* as the widow of *Horace Bacon,* deceased, against the *Madison and Indian-*

May Term,
1855.

THE MADI-
SON AND IN-
DIANAPOLIS
RAILROAD
COMPANY
v.
BACON.

apolis *Railroad Company*, to recover damages for the loss of her husband, killed on said road while travelling, she alleges in her declaration, as a passenger in the car of the company. The seventh defence set up in the answer of the company alleges, that *Bacon* was not a passenger, but a servant of the company, and that the accident by which he lost his life happened through the negligence of his fellow servants acting with him in the management of the train. The plaintiff demurred to this paragraph of the answer, the Court sustained the demurrer, and, as to this defence, the plaintiff had judgment.

Other defences were put in, issues were formed upon them and tried, and the plaintiff recovered a verdict and judgment for 3,000 dollars.

None of the issues tried covered the seventh ground of defence ; and the ruling of the Court in sustaining a demurrer to that, presents, therefore, to this Court, the question, whether a principal is liable to one of his servants for injuries sustained through the negligence of another servant, when both are engaged in the same business. This broad general question was left undecided in *Gillenwater* v. *The Madison and Indianapolis Railroad Company*, 5 Ind. R. 339, though some of the qualifications to which it must necessarily be subject were there pointed out. With those we have here nothing to do. The present case presents but the general proposition, and upon it the authorities are almost concurrent. They decide that the principal is not, under such circumstances, liable. The question was first raised, and thus decided, in the *English* Court of *Exchequer*, in 1837. The same principle was affirmed by the Court of Appeals in *South Carolina*, in 1841. Subsequently, also, it was affirmed in the Supreme Court of *Massachusetts ;* and, in 1846, it received the sanction of the Supreme Court of *Georgia*, in *Scudder* v. *Woodbridge*, 1 Kelly 195. *Lumpkin*, J., in delivering what appears to be the unanimous decision of the Court, says, the general doctrine " is distinctly laid down in *Story* on Agency, and other elementary writers, and fully sanctioned by the adjudications adduced from *South Carolina, Massachusetts,*

May Term,
1855.

The Madi-
son and In-
dianapolis
Railroad
Company
v.
Bacon.

*New - York* and *England.* 1 McMullen's Law Rep. 385.— 4 Met. 49.—6 Hill R. 592.—*Priestly* v. *Fowler,* 3 Mees. and Welsb. 1. And we are disposed to recognize and adopt it, with the cautious limitations and restrictions in those cases." The Court, however, held that the doctrine did not apply to cases where slaves were the servants, but only where they were free white agents.

In 1851, the principle of the above decisions received the unanimous approval of the Court of Appeals in *New-York.* 1 Selden R. 492. It has been re-affirmed in *Massachusetts;* 3 Cush. 370; and repeatedly by the *English Exchequer,* the adjudication upon the question in that Court that has last come to our notice being in 1854. *Skip* v. *The Eastern Counties Railway Company,* 24 Law and Eq. Rep. 396. In that case, the previous decisions are cited; but no case appears in which the doctrine has been controverted. We may well conclude, therefore, that no Court in *England* has questioned it. The Courts in *Scotland* hold differently, but that country is governed mainly by the civil, not the common law, and the decisions of her Courts are not authority here.

The editors of the *American* Railway Cases, vol. 1, p. 569, assert that the Supreme Court of *Ohio,* in *The Little Miami Railroad Company* v. *Stevens,* 20 Ohio R. 415, have rejected this doctrine; but they are mistaken. The Supreme Court of *Ohio* was, at that time, composed of four judges. Three of them delivered opinions in the case. Judge *Spaulding,* in his, endorsed to the fullest extent the cases cited above, and said—"If these authorities, in both *England* and the states of this *Union,* do not establish and settle this question, then I think it can not be settled by authority; especially when there is no well-adjudicated case to the contrary." Judge *Hitchcock* said, in his opinion, that the case they were deciding did not conflict "at all with the authorities" cited from *England* and the states of the *Union.* The case, he said, rested on different grounds from those. "If," said he, "this case were, in its principal features, like any one of those reported and referred to, I should hesitate long before I would consent to

May Term,
1855.

The Madi-
son and In-
dianapolis
Railroad
Company
v.
Bacon.

disregard those decisions." Here, then, we have one-half of the Court refusing to repudiate the doctrine of the *English* and *American* cases cited, which shows the incorrectness of the statement in the volume of Railway Cases cited. But this is not all. Judge *Caldwell*, who delivered the remaining opinion, and does dissent from the doctrine of the *English* and *American* cases, adds—" It is to be noticed, that in both these cases [the *Massachusetts* and *South Carolina* cases] the facts differ in some particulars from the present;" thus conceding that the decision of it, as judge *Hitchcock* asserted, did not necessarily conflict with those cases. The remaining judge concurred in the result, but delivered no opinion. He may have been governed by the views of judge *Hitchcock*, and, hence, refused to repudiate the *Farwell* and other cases. We have sufficient authority, therefore, to say that the case in *Ohio* furnishes no more than the *dictum* of a single judge against those cases, and none at all for saying it furnishes an opinion of the Court against them.

Many rules of law are established, to a greater or less extent, upon considerations of public policy. It is on such considerations that common carriers are held, as between themselves and strangers, indeed to the public generally dealing with them as such, to rigid accountability. On the other hand, it is considered that public policy requires that servants engaged in a common employment should not have an action against their principal for injuries resulting from the negligence of one or more of such servants; because the tendency of such a doctrine is to make them anxious and watchful, and interested for the faithful conduct of each other, and careful to induce it; while the opposite doctrine would tend in a different direction. The safety and welfare of the public, therefore, demand the establishment of the non-liability principle on the part of the employer in such cases; while, when established, it can work no injury to the servant, because his entering upon the service is voluntary, is with a knowledge of its hazards, and with a power and right to demand such wages as he shall deem compensatory. In this view, the doctrine so

fully established by the authorities, receives the approval of our judgment.

The Court below erred in sustaining the demurrer, and the judgment must be reversed for that reason.

But the action being based upon the same statute as was that of the *Peru and Indianapolis Railroad Company* v. *Bradshaw*, decided at the present term, (*ante*, p. 146,) it must, under the ruling of the majority of the Court in that case, necessarily be dismissed in the Court below.

STUART, J., dissented.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, *W. M. Dunn* and *S. Yandes*, for the appellants.

*D. Wallace*, *E. Coburn* and *W. Wallace*, for the appellee.