May Term,
1856.

Fitzpatrick
v.
The New-
Albany and
Salem Rail-
road Co.

*C. Baker*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellees.

---

## Fitzpatrick *v.* The New-Albany and Salem Railroad Company.

The plaintiff was employed by a railroad company, with other laborers, to ballast a part of their road, by excavating gravel from certain banks, loading it in the company's gravel cars, and afterwards unloading and distributing it upon the railroad. The plaintiff, and others of the laborers, boarded and lodged in the town of *C.*, two miles from the gravel banks, and, by agreement with the company, were regularly to be conveyed to town to their meals, &c., and back again to the gravel banks. While the plaintiff was being conveyed, during the period of his service, on a gravel car, to the banks to work, by the gross negligence and unskilfulness of the engineer employed in managing and running the locomotive drawing the car, the locomotive ran into and came in collision with a train of passenger cars belonging to the company; by means whereof the plaintiff's leg was broken and he was otherwise injured. *Held*, that the company was liable to the plaintiff for the injury.

A railroad company is liable to a servant for an injury occasioned by the negligence of other servants of the company, where the duties of the latter, in connection with which the injury happened, were not common, nor in the same department with those of the injured servant, and where the negligence of the injured servant did not contribute to produce the injury.

APPEAL from the *Montgomery* Circuit Court.

May Term,
1856.

FITZPATRICK
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

Wednesday,
May 28.

DAVISON, J.—The complaint charges that the appellees, who were the defendants, were engaged in ballasting their road with sand and gravel, and for that purpose had in use a train of cars called "the gravel train;" that a number of laborers, the plaintiff being one of them, were employed in excavating gravel from certain banks, loading the same in said cars, and afterwards unloading and distributing it upon the defendant's road; that many of said laborers, of whom the plaintiff was one, boarded and lodged in the town of *Crawfordsville*, distant two miles from the gravel banks, who, by agreement with the defendants, were regularly conveyed mornings, noons and nights, in their cars, called "the gravel train," to and from the banks to said town. It is averred that the plaintiff, on the 2d of *July*, 1853, was a laborer in such employment, and on the afternoon of that day, at the defendants' request, he became and was a passenger on one of the gravel cars, to be safely and securely carried and conveyed thereby, from the defendants' depot in *Crawfordsville* to one of the gravel banks, to commence his labor; that the defendants received him as such passenger, and it then and there became their duty to use due care that he should be safely and securely carried and conveyed, &c.; yet that not regarding their duty in that behalf, they did not nor would use such care in causing the plaintiff to be conveyed as such passenger as aforesaid; and that by the gross negligence and unskilful conduct of the defendants, by their engineer employed to manage, and then managing and running the locomotive drawing the car carrying the plaintiff, the said locomotive ran into, and came in collision with, a train of passenger cars, likewise belonging to the defendants; by means whereof one of the plaintiff's legs was broken, and he was otherwise injured, &c.

Demurrer to the complaint sustained, and judgment for the defendants.

Upon the inquiry presented by the record, the authorities are not uniform. It has been decided, that where several persons are employed in the same general service, and one

May Term,
1856.

FITZPATRICK
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

of them is injured from the carelessness of another, the employer is not liable. This rule has been announced in various cases in *England* and the *United States*, and is relied on as applicable to the facts stated in the complaint. In *Gillenwater* v. *The Madison and Indianapolis Railroad Company*, reported in 5 Ind. R. 339, the subject to which the above rule relates was before this Court. There a distinction is made between railroad employees necessarily and directly engaged in the movement of the train, and other employees of the same company, wholly unconnected with that branch of service. The former constitute a class of servants, neither of whom can sue his employer for an injury occasioned by the negligence of a co-servant, whose duties relate to the management of the train. The latter, for an injury which is the result of such negligence, may adopt the same remedy allowable by law to a passenger. But the facts of the case cited are these: "The company employed *Gillenwater*, the plaintiff, to frame and build a bridge on their road across *Sugar* creek. While engaged in the work, they directed him to proceed on their cars to *Greenwood*, and assist in loading timber for the bridge; and while thus on the cars, as directed, the defendants so carelessly managed and ran the same, that they were thereby run off the track, down a bank, by means of which the plaintiff's right arm was fractured," &c. *Held*, that the plaintiff was entitled to recover; that "a railroad company is liable to a servant for an injury occasioned by the negligence of other servants of the company, where the duties of the latter, in connection with which the injury happened, were not common, nor in the same department with those of the injured servant, and where the negligence of the injured servant did not contribute to produce the injury." That case, and the one at bar, are, in point of fact, to some extent, dissimilar; but each is plainly subject to the same rule of decision. Here, the plaintiff, though a servant of the company, was in no respect connected with the department of service in which the engineer was engaged, not more so than was *Gillenwater*. His employment—that of loading and unloading

May Term, 1856.

FITZPATRICK
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

the cars—at once shows that he had no connection with or control in the movement of the train. The plaintiff could not, therefore, have contributed to produce the injury. He was not, it is true, a mere passenger; his travel on the cars was an incident to the business in which he was employed; but under an agreement with the defendants, he was to be regularly conveyed to and from his work. This, it seems to us, involves an implied engagement that they would convey him as safely and securely as if he really had been a passenger in the ordinary sense of the term. Indeed, it is averred in the complaint, and admitted by the demurrer, that he was received on board the cars as a passenger.

As a general rule a person in the management of his business, whether he does it himself or acts through agents, must so conduct that business as not to produce injury to others. We perceive no valid reason why this rule should not apply to the present case. The engineer was the defendant's agent, and it is an admitted fact that the injury was alone produced by the gross negligence and unskilful conduct of that agent. True, there is authority for the position that "when a party contracts to perform services, he takes into account the dangers and perils incident to the employment;" but this can only be intended to mean such "dangers and perils" as necessarily attend the business when conducted with ordinary care and prudence. He can not be presumed to have contracted in reference to injuries inflicted on him by negligence. The nature of the employment required the plaintiff to ride on the cars, and it seems to follow that the defendants were in duty bound to furnish a careful and skilful engineer to manage the train. In this it is conceded they have failed, and the result is a serious injury to the plaintiff, who has been guilty of no wrong. He is evidently entitled to recover, unless it be assumed that the defendants were not bound to make provision for his safe and secure conveyance; and such an assumption, in view of the facts of this case, would, in our opinion, conflict with the plainest principles of justice.

May Term,
1856.

There is really no difference, in principle, between this and the *Gillenwater* case, and we are inclined to adhere to that decision. The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L.* and *D. Wallace* and *E. Coburn*, for the appellant.