Nov. Term,
1859.

THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.
v.
TINDALL.

*R. L. Walpole*, for the appellant.

---

THE OHIO AND MISSISSIPPI RAILROAD COMPANY *v.* TINDALL.

An infant without an appointed guardian, and without an estate of inheritance, living in the family of his mother, a widow, is subject to her control, as his

natural guardian, and she is entitled to his wages; and where such an infant, while in the employ of a railroad company, was killed by a train, through the negligence of their agent, it was *held*, that an action would lie in the mother's name, for damages. But, *held*, also, that as such guardian, the mother could not, *it seems*, assume the custody of any separate estate the son might possess.

Section 27, 2 R. S. p. 33, authorizing such an action, is not repealed by § 784, *id.* p. 205. The latter section applies to adults, the former to infants.

A railroad company are not liable, so far as the simple question of negligence is concerned, to the parents, guardians, or representatives of a servant killed upon the road, where they would not have been liable to such person, had he been injured, simply, and not killed.

An employer is not liable to one employé for an injury occasioned by another engaged in the same general undertaking.

A set of hands were at work for a railroad company gravelling a part of the track. The gravel was conveyed from the pit to the place where it was used, by a train of cars. The same hands loaded and unloaded the gravel, and rode back and forth upon the cars from the places of loading and discharging. While thus employed, the train, through the alleged carelessness of the engineer, ran against an ox, was thrown off the track, and one of the hands, a young man under age, killed. *Held*, that the engineer and the deceased were engaged in the same general undertaking, and the representative of the deceased could not recover damages.

This case is distinguishable from *Fitzpatrick* v. *The New Albany, &c., Railroad Co.*, 7 Ind. R. 436, and does not impair the force of that case.

In this case, the Court instructed the jury that, in estimating the damages, they might take into consideration the actual pecuniary loss to the plaintiff occasioned by the death of the son and servant, and also such other circumstances as have injuriously affected the plaintiff in person, in peace of mind, and in happiness. *Held*, that this was error.

APPEAL from the *Martin* Circuit Court.

PERKINS, J.— Suit by *Margaretta Tindall*, mother of *Daniel Tindall*, deceased, a minor, against the *Ohio and Mississippi Railroad Company*, to recover damages for the loss of the life of said *Daniel*, he having been killed by an engine of said company, running upon the road.

The general denial was pleaded, upon which the cause was tried, and the plaintiff had judgment for 2,000 dollars.

The facts in the case are these:

A set of hands were at work for the *Ohio and Mississippi Railroad Company*, gravelling a portion of the track. The gravel was conveyed from the pit to the place where it was used upon the road, by means of a train of gravel

Nov. Term, 1859.

THE OHIO AND MISSISSIPPI RAILROAD CO. v. TINDALL.

13    366
169   684

*Friday, December* 9.

Nov. Term,
1859.

THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.
v.
TINDALL.

cars. The same hands appear to have loaded and un-
loaded the cars, and to have ridden back and forth between
the places of loading and unloading, upon them. While
thus employed, the train, through, as is claimed, the care-
lessness of the engineer, ran against an ox, was thrown off
the track and *Tindall* killed upon the spot. He was a sin-
gle man, about eighteen years of age, and lived with his
mother, who received the benefit of his wages in the sup-
port of her family. →The father of the son, and husband
of his mother, was dead. The son does not appear to
have had any estate of inheritance out of which he might
have been supported, nor to have had an appointed guar-
dian.

The first question raised upon these facts relates to the
right of the mother to sue.

We think the action maintainable in her name. She
was the natural guardian of her infant son, after the death
of his father, and as such, had the control of his person;
and, as he remained a member of her family, she had a
right to his wages. Damage, therefore, accrued to her by
his death. But, as his natural guardian, it may be re-
marked, she could not, probably, have assumed the cus-
tody of any separate estate he might have possessed.
Reeve's Dom. Rel. 319.—Will. on Exec., p. 443. Section
27, p. 33, of the code (vol. 2), expressly authorizes the mo-
ther to sue in a case like the present. But it is asserted
that that section is repealed by a later and repugnant sec-
tion, to-wit, § 784, p. 205, of the same volume of the code.
This latter section provides that when the death of one is
caused by the wrongful act or omission of another, the
personal representatives of the former may sue, in a case
where such person might have sued for the wrongful act
or omission, had it not caused death.

These two statutes may be reconciled and given effect
to, by holding the latter applicable to the cases of adults,
and the former to those of infants.

The second question raised, involves the liability of the
company upon the facts.

The company is not liable, so far as the simple question

of negligence is concerned, to the parents, guardians, or representatives of a deceased servant, killed upon the road, where they would not have been liable to such person, had he been injured simply, and not killed. And the general legal proposition, that an employer is not liable to one employé for injury occasioned by another engaged in the same general undertaking, has been judicially asserted by this Court. *The Madison, &c., Railroad Co.* v. *Bacon*, 6 Ind. R. 205. And it is firmly established as a principle of the common law. Redf. on Railw., 1st ed., 386.—2 Hill on Torts, 563.—*Potts* v. *Blunket*, in the Queen's Bench of *Ireland*, 7 Am. Law Reg. 555.

But when are employés to be considered as engaged in the same general undertaking? This is now the difficult question in this class of cases; and no answer to it, in general terms, embracing a definition applicable as a test to all states of fact, has as yet, so far as we are advised, been attempted; nor shall we now attempt one. Each case has thus far been determined upon its own particular facts, and as that at bar falls exactly within one of them, it may be rested upon it.

That case is *Gillshannon* v. *The Stony Brook Railroad Corp.*, 10 Cush. 228. The facts in the case were, that an employé of the company was riding to his place of labor upon the gravel train, by permission of, but not under any special contract with the company, and, while so riding, was thrown from the train and injured by a collision caused by the carelessness of those in the management of the train. It was the unanimous decision of the Supreme Court of *Massachusetts*, that no recovery could be had against the company for the injury. This case is supported by the Supreme Court of *Ohio* in *Whaalan* v. *The Mad River Railroad Co.*, 8 Ohio St. R. 249; and by the the Court of appeals in *New York*, in *Boldt* v. *The New York Central Railroad Co.*, 18 N. Y. R. (4 Smith) 432.

It may be observed that the case at bar is clearly distinguishable from that of *Fitzpatrick* v. *The New Albany, &c., Railroad Co.*, 7 Ind. R. 436, and is not regarded as impairing its force.

VOL. XIII.—24

Nov. Term,
1859.

THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.
V.
TINDALL.

The third question raised, relates to the damages.

The Court instructed the jury that in estimating the damages, they might take into consideration the actual pecuniary loss to the plaintiff, occasioned by the death of the son and servant, and also such other circumstances as have injuriously affected the plaintiff in person, in peace of mind, and in happiness.

This instruction was erroneous. See *Quin* v. *Moore*, 15 N. Y. Court of App. 432.

In a late case very similar to the one now before us, the authorities on this point are collected and reviewed, and the following rule deduced by the Supreme Court of *Pennsylvania*. The Court say:

"From the authorities and reasons given, the jury, instead of the unrestrained license given them in the charge, in the assessment of damages, should have been instructed that if the plaintiffs were entitled to recover, it was for the damage done in producing the death of their son, and this was to be estimated by the pecuniary value to them of his services during his minority, together with expenses of care and attention to the deceased, arising out of the injury, funeral expenses, and medical services, if any." "In making the estimate of the value of the life, and consequent damage by the death, much is still left to the sound discretion of the jury. Whatever is susceptible of pecuniary estimate, is included within it, and what we have seen was not to be included must be excluded."

The Court concede, however, that where the negligence is accompanied by anything showing moral turpitude, in addition to mere negligence, vindictive damages may be added to such as are simply compensatory; but as to this point we do not wish to be understood as intimating an opinion.

In speaking of damages for mental anguish, the affliction of the death, the Court say: "No money could be the measure of the affliction; no road, great or small, but would fall beneath the weight of such a rule, if applied" to injuries happening through simple oversights, amounting, it is true, to negligence, but negligence uncombined with inten-

tional wrong. *The Pennsylvania Railroad Co.* v. *Zebe*, 33 <span>Nov. Term,</span>
Penn. St. R. (9 Casey) 318.—S. C., Am. Law Reg., vol. 8, <span>1859.</span>
p. 27.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*J. Baker* and *S. Judah*, for the appellants.

*M. C. Hunter, I. S. Hunter, E. Dumont,* and *O. B. Tor-bet*, for the appellee.