THAYER v. THE ST. LOUIS, ALTON AND TERRE HAUTE R. R. Co.

RAILROADS—LIABILITY FOR ANIMALS.—By statute, in this State, 1 G. & H. 342, railroad companies are liable for animals, but not persons, injured upon their roads, where they might be, but are not fenced, irrespective of the question of negligence.

SAME.—But where a proper fence is maintained, and in places where it is not required to be, they are not liable for animals injured, except as at common law, where there is negligence on their part, and the negligence of the owner of the stock does not contribute to its immediate injury.

SAME—FOR GOODS.—They are liable, as common carriers, for goods lost or injured; but, by special contract, they may limit this liability.

Thayer *v.* The St. Louis, Alton and Terre Haute R. R. Co.

SAME—FOR PERSONS NOT PASSENGERS.—They are liable for injuries
done to persons, not passengers, when the injuries arise from neg-
ligence on their part, to which injuries the negligence of the in-
jured party does not immediately contribute; and this may include
wanton injuries by the companies, where there may be negligence
on the part of the injured party.

SAME—PASSENGERS—DEGREE OF CARE.—They are liable as public
carriers of passengers for injuries resulting from neglect to use the
utmost care of cautious persons, unless that liability is restricted
by special contract.

SAME—TO EMPLOYEES.—They are not liable to one employee for
injuries occasioned by another, where both are engaged in the same
undertaking; nor does it make any difference that the injury, in
the given case, happens to one employee, by the negligence of an
employee of higher authority, to whom the injured employee is
subject, and from the consequences of whose negligence he can not
guard.

SAME.—But they may be liable to employees for injuries happening
to them through the negligence of the company; which negligence
may consist in the employment of incompetent persons in the
management of the road and trains, or of unsafe machinery in the
running of them, or of using the road when defective, &c., if the
injuries actually happen from such causes, and the employees in-
jured have not the same means of knowledge of the existence of
such causes as the employer.

APPEAL from the *Vigo* Circuit Court.

PERKINS, J.—*Alfred Thayer* brought an action against the
*St. Louis, Alton and Terre Haute Railroad Company*, alleging
as his ground of complaint that he was a brakeman upon a
freight train owned and run by the company, and that, while
acting for the company, he fell through a culvert and received
great bodily injury, under the following circumstances, viz:
At a point on the road there is a culvert which is now, and
has been since the road was constructed, uncovered, but of
what dimensions the culvert may be is not stated.   Near that

culvert a switch branches from the road, "over which it frequently becomes necessary for the employees, in charge of trains, to pass while switching the company's cars from the main to the side track." On the passing of a given freight train the conductor ordered said *Thayer* to detach the cars from the engine in order to run them on the switch, and, in obeying said order, without fault on his part, he fell into the culvert.

*Thayer* claims that the company is guilty of negligence in building and continuing an open culvert; and is liable to him for the injury he received, notwithstanding he entered into the service of the company, with knowledge of the state of the culvert, because the conductor ordered him to detach the cars.

The Court below held the railroad company not liable, under the circumstances.

As a mode of reaching the decision of this cause it may be well to state the principles of railroad law established in *Indiana,* and then to ascertain whether the case at bar falls within any one of them.

1. By statute, in this State, railroad companies are liable for animals, but not persons, injured upon their roads, where they might be, but are not fenced, irrespective of the question of negligence. *The Toledo, &c. Co.* v. *Thomas,* 18 Ind. 215.

2. Where a proper fence is maintained, and in places where it is not required to be, the companies are not liable for animals injured, except as at common law, where there is negligence on their part and the negligence of the owner of the stock does not contribute to its immediate injury. *Ibid.*

3. Railroad companies are liable, as common carriers, for goods lost or injured. See the cases in Davis' Dig., tit. Carriers. But by special contract, they may limit this liability. *The Indiana Central Railway Co.* v. *Mundy,* 21 Ind. 48.

4. Railroad companies are liable for injuries done to per-

sons, not passengers, where the injuries arise from negligence on the part of the companies, to which injuries the negligence of the injured parties does not immediately contribute; and this may include wanton injuries by the companies where there may be negligence on the part of the injured party. *The Evansville, &c. Co.* v. *Hiatt,* 17 Ind. 102, and cases there cited.

5. Railroad companies are liable as public carriers of passengers for injuries resulting from neglect to use the utmost care of cautious persons; *Gillenwater* v. *Madison, &c. Co.,* 5 Ind. 339; unless that liability is restricted by special contract. *The Indiana, &c.* v. *Mundy, supra.* As to who is a passenger, see *Fitzpatrick* v. *The NewAlbany, &c. Co.,* 7 Ind. 436.

6. Railroad companies are not liable to one employee for injuries occasioned by another, where both are engaged in the same undertaking; *Wilson* v. *The Madison, &c. R. R. Co.,* 18 Ind. 226; nor does it make any difference that the injury, in the given case, happens to one employee, by the negligence of an employee of higher authority, to whom the injured employee is subject, and from the consequence of whose negligence he can not guard. *Ibid.* And see, also, in point, *Sherman* v. *The Rochester, &c. R. Co.,* 17 (N. Y.) Court of App. 153. As against the public, but not as between fellow-servants, railroad companies are liable for the negligence of servants in their business.

7. But railroad companies may be liable to employees for injuries happening to them through the negligence of the railroad company; which negligence may consist in the employment of incompetent persons in the management of the road and trains, or of unsafe machinery in the running of them, or using the road when defective, &c., if the injuries actually happen from such causes, and the employees injured have not the same means of knowledge of the existence of such causes as the employer. *The Indianapolis, &c. Co.* v.

Thayer *v.* The St. Louis, Alton and Terre Haute R. R. Co.

*Love,* 10 Ind. 554; *The Indianapolis, &c. R. Co.* v. *Klein,* 11 *id.* p. 38. See, also, in point, *Wright* v. *The New York Cent. R. Co.,* 25 N. Y. Court of App. 562. On these points, railroad companies are subject to the general law governing master and servant.

We may now properly ascertain whether the case at bar falls within any of the foregoing principles.

How, then, came the plaintiff in this suit to be injured? Was it through the negligence of the company in suffering a culvert to remain uncovered ? If this act constituted negligence, a point we do not decide, the condition of the culvert was as well known to the plaintiff as to the company, and it does not appear that he had objected to serving the company on account of that condition, nor on account of the fact that his customary duty required him to couple cars near to it.

Was it the negligence of the company that the conductor directed the detaching of cars at that place? It was not. The direction was not given, at that time, pursuant to any special order of the company. The direction was given by the conductor in the discharge of his general duties, and by virtue of his general powers as conductor. He did not assume to direct the manner of executing the act. And if, after he had ordered the cars detached, he did not slacken the speed of the train, or place it in position, as he ought to have done, so that the act of uncoupling could be safely performed, then the injury to the plaintiff happened through the carelessness of a co-employee of higher authority, and does not differ from *Wilson* v. *The Madison, &c. Co., supra.*

*Per Curiam.*—The judgment below is affirmed, with costs.

*J. A. Pierce, J. M. Allen* and *J. T. Scott,* for the appellant.

*Smith & Meek,* for the appellee.