SLATTERY's Administrator and Others *v.* THE TOLEDO AND WABASH RAILWAY COMPANY.

RAILROAD COMPANIES—EMPLOYEES.—A brakeman on a train, and one whose duty and business it is to attend a switch, are engaged in the same general undertaking, and the company is not liable to one for an injury caused by the negligence of the other.

SAME.—The complaint stated, in substance, that *A* was brakeman on a freight-train of defendant, and was killed by the cars being thrown off the track by the breaking of a switch-pin, which the company and its servants, knowing it was insecure, had carelessly left out of repair for twelve days previous. There was no switch-tender, and the whole care of the switch, and every thing pertaining to its security, was under the control of the section-boss and his hands, who had nothing to do with running the trains.

*Held*, that in the absence of an averment that the company was negligent in employing an incompetent section-boss, the complaint did not sufficiently state a case of negligence against the company.

APPEAL from the *Wabash* Court of Common Pleas.

WORDEN, J.—Action by the appellant against the appellee to recover damages for causing the death of the deceased, *Thomas Slattery*, who was in the employment of the company as a brakeman on a train of cars, through the alleged negligence and carelessness of other servants of the company.

Demurrer to the complaint sustained, and judgment for the defendant. The plaintiff below appeals.

VOL. XXIII.—6

The following extract from the brief of counsel for the appellant contains a sufficient statement of the case.

"*Slattery*, the deceased, was brakeman on a freight train of the defendant, and was killed at *Keller's* station, in *Wabash* county, by the hind cars, where he was, loaded with wheat in bulk, being thrown down an embankment and overturned, whereby he was instantly smothered to death in the wheat. The injury was occasioned by the breaking of a switch-pin, which the company and its servants had carelessly left out of repair for days previous, knowing that it was insecure. There was no switch-tender. The whole care and management of the switch, and every thing pertaining to its security, was within the duties of the section-boss and hands under his control. The switch might be left locked up, and without receiving any attention for days and weeks together. The hands running the defendant's trains had nothing whatever to do with the switch, and, in like manner, the section-boss and his hands had nothing to do with running the trains. The labors and duties of employees on the trains were altogether separate from that of the hands repairing the road, and one class of employees might be in employment if the other class did not exist. Their duties did not bring them into any cooperation whatever. This is sufficiently stated in the complaint. The complaint is besides distinct in saying that the company and its servants negligently and knowingly left the switch-pin out of repair for twelve days."

It is not averred that the company was negligent in employing an incompetent section-boss, and in the absence of such averment, the complaint does not sufficiently state a case of negligence, as we incline to think, against the company. Though the company knew of the defect at the switch, still it is not denied that they had provided a competent agent to put it in repair, and we can not say that the facts stated are such, under those circumstances, as make a case of negligence against the company. This is the only point of any doubt, and counsel do not seem to

rely much on it in their brief; but the complaint does show that the plaintiff in the case must have known more about it than the company. The case falls within *Thayer* v. *The St. Louis, etc. Company,* 22 Ind. 26, as to this point.

It is not claimed by the appellant that if the deceased and the section-boss and hands under him, who had the control and management of the switch, are to be regarded as in a common employment, the appellant is entitled to recover. In other words, it is conceded that the company is not liable to one employee for an injury occasioned by another employee engaged in the same service; but it is claimed that a brakeman on the cars, and those who have the care and management of a switch, are not engaged in a common employment, and that the company is liable to the former for an injury occasioned by the carelessness and negligence of the latter. This is the main question made in the case.

It may be observed that, perhaps, the early cases in this court leave it in some doubt whether parties employed, as above stated, should be regarded as in a common employment. *Gillenwater* v. *The Madison and Indianapolis Railroad Company,* 5 Ind. 339; *Fitzpatrick* v. *The New Albany and Salem Railroad Company,* 7 Ind. 436. But the later cases in this court and elsewhere leave no doubt on this subject. They very clearly establish the point that a brakeman on the train, and one whose business and duty it is to attend a switch, are engaged in the same general undertaking; and that the company is not liable to one for an injury caused by the negligence of the other. *The Ohio and Mississippi Railroad Company* v. *Tindall,* 13 Ind. 366; *Wilson* v. *The Madison, etc. Railroad Company,* 18 Ind. 226, and authorities there cited. In a late case in *New York,* the following proposition is announced: "Neither is it necessary, in order to bring a case within the general rule of exemption, that the servants—the one that suffers and the one that causes the injury—should be at the time engaged in the same operation or particular work. It is

enough that they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties and services tending to accomplish the same general purposes, as in maintaining and operating a railroad, operating a factory, working a mine, or erecting a building.        The question is whether they are under the same general control." *Wright* v. *New York Central Railroad Company*, 25 N. Y. 562, 565.

We make an extract from another case recently decided: "In this use of the term common duty or common service, applied to the employees of a railroad company, in conducting active business upon the road, servants somewhat disconnected in their respective duties are necessarily included. But this want of immediate connection in their respective duties will be found to obtain even if the use of the term should be restricted so as to embrace only the operatives upon the same train. The respective duties of those assigned to different positions upon the train will be found, to a great extent, necessarily independent of each other; and yet the carelessness of any one may often be fatal to other servants, on the same train, having no control over the delinquent, and in full discharge of their own duties. And yet the most limited application of the rule must necessarily embrace such cases. While, therefore, it can not properly be said of any particular duty appertaining to the service of a single employee upon the train, that the other employees upon the train are his co-servants, engaged in the discharge of *that* duty as a *common* duty, they may all properly be regarded as fellow-servants in the common service of operating the road. And, in this sense, those employed in facilitating the running of the trains, by ballasting the track, removing obstructions, and those employed at stations, attending to switches, and other duties of a like nature upon the road, as well as those upon the trains operating, may all be well regarded as fellow-servants in the common service." *Manville* v. *The*

*Cleveland and Toledo Railroad Company*, 11 Ohio S. R. 417–425.

*Per Curiam.*—The judgment below is affirmed, with costs.

*John U. Pettit*, for appellant.

*W. Z. Stuart*, for appellee.

Counsel for appellant argued: When the duties of servants belong in fact to different employments, the company is liable for an injury done one servant by the negligence of another. 5 Ind. 345; 6 Ind. 206; 7 Ind. 436.

Counsel for appellee, contra. *Priestly v. Fowler*, 3 Meeson and Welsby, 1; *Wigman* v. *Jay* 5 Exchequer Reports, 334; *Hutchinson* v. *York, etc. Railroad Co.*, 6 Railway Cases, 440; *Seymour* v. *Maddox*, 5 Eng. L. and E. Rep. 265; *Tarewell* v. *Burton, etc. Railroad Co.*, 4 Metcalf, 49; *Hays* v. *Western Railroad Co.*, 3 Cush. 270; *Brown* v. *Maxwell*, 6 Hill, 592; *Conn* v. *Syracuse, etc. Railroad Company*, 1 Selden, 492; *Bryan* v. *The Cumberland Valley Railroad Co.*, 23 Penn. 384; *Hennu* v. *The Illinois Central Railroad Co.*, 15 Ill. Rep. 550; Redfield on Railways, 386; *Ohio and Mississippi Railroad Co.* v. *Tindall*, 13 Ind. 366; *Wilson* v. *The Madison Railroad Co.*, 18 Ind. 226.