THOMAS FOSTER

*vs.*

THE MINNESOTA CENTRAL RAILWAY COMPANY.

A master, guilty of no personal negligence or misconduct, is not responsible to his servant for injuries resulting to the latter from the negligence, carelessness or misconduct of a fellow servant engaged in the same general business.

This rule is applicable, and the master exonerated from responsibility, notwithstanding the servant causing the injury, and the servant injured, are engaged in separate and distinct departments of the same general service or business.

What would be the rule in case the relation between the servants was that of superior and subordinate—*Quaere.*

In this case the plaintiff was a section man engaged in repairing defendant's track. The injury was alleged to have been caused by the negligence and carelessness of defendant's servant, in so piling wood upon the tender, and in so running the train, that a stick of wood was thrown from the tender, striking the plaintiff. *Held*—That the plaintiff, and the defendant's said servants, were fellow servants, engaged in the same general service or business, and that the defendant not appearing to be in fault, is not liable for the injury received.

This action was commenced in the District Court for Steele County, to recover damages for personal injuries to

Foster v. The Minnesota Central Railway Company.

the plaintiff, caused, as alleged in the complaint, by the negligence and carelessness of defendant's servants, in so piling wood upon the tender attached to an engine, and in so running a train of cars on defendant's road, that a stick of wood was thrown from the tender, striking plaintiff upon the head as he was standing within about twenty feet of the track, fracturing his skull and rendering him permanently blind. The defendant answered, setting up, among other things, for a defence, the following: "And defendant further answering, says, that at the time of said injury, and for a long time prior thereto, the plaintiff was and has been a servant of the defendant, and at the time of said injury, actually was engaged in the business devolved upon him as servant of the defendant." To this portion of the answer the plaintiff demurred, on the ground that the facts alleged did not constitute a defense. Before the hearing on the demurrer the attorneys for the respective parties stipulated as follows:

"It is hereby stipulated by and between the parties and the attorneys in this action: That as a fact in this case, the plaintiff was a common laborer in the employ of the defendant at the time of the injury as a section man, in working on the repairs of the defendant's track, and in no way on or connected with the running of the train, and was actually engaged in the business devolved upon him as servant of the defendant.

"And it is agreed that the only question that is desired to be decided by the court is: Can such a servant sue his employer and recover upon showing his injury, caused by the acts of his co-servants, such plaintiff not being on the train, or engaged in running it in any way? And that this question be heard and argued at the May term of the Rice County Court."

The Court overruled the demurrer, and the plaintiff appeals to this Court.

GORMAN & DUFOUR for Appellants.

G. E. COLE for Respondent.

*By the Court.*—BERRY, J.—The plaintiff brings this action to recover damages for personal injuries to himself, caused by the alleged negligence of the defendant's servants. It appears from the pleadings, case and stipulation, that the plaintiff at the time the injury was sustained, was a common laborer in the employ of the defendant as a section man, engaged in repairing defendant's railway track; that he was not on the train, nor in any way connected with the running of the same.

The injuries complained of are alleged to have been occasioned by the negligence and carelessness of defendant's servants, in so piling wood upon the tender, and in so running the train, that a stick of wood was thrown from the tender striking the plaintiff upon the head, as he was standing within about twenty feet of the track, fracturing his skull and rendering him permanently blind. Can the plaintiff under these circumstances maintain this action? A master, guilty of no personal negligence or misconduct, is not responsible to his servant for injuries resulting to the latter from the negligence, carelessness or misconduct of a fellow servant engaged in the same general business.

This proposition is supported by numerous and weighty authorities, and must be regarded as settled law. *Priestly vs. Fowler*, 3 *M. & W.* 1; *Hutchinson vs. York, Newcastle & Berwick Railway*, 5 *Exch.*, 343; *Wigmore Jay*, *Ib.* 354;

Foster v. The Minnesota Central Railway Company.

*Skip vs. Eastern Counties Railw.*, 9 *Exch.*, 223; *Degg vs. Midland Railw.*, 1 *Hurlst. & N.*, 773; *Tarrant vs. Webb*, 18 *C. B.* (86 *E. C. L.*) 797; *Ormond vs. Holland*, 1 *El. Bl. & El.*, 102; *Farwell vs. Boston & Worcester R. R. Co.*, 4 *Met.*, 49; *Albro vs. Agawam Canal Co.*, 6 *Cushing*, 75; *King vs. Boston & Worcester R. R. Co.*, 9 *Cushing*, 112; *Gilman vs. Eastern R. R. Co.*, 10 *Allen*, 236; *S. C.* 13 *Allen*, 433; *Coon vs. Syracuse & Utica R. R. Co.*, 1 *Selden*, 492; *Wright vs. N. Y. Central R. R. Co.*, 25 *N. Y.* 562; *Frazier vs. Penn. R. W. Co.*, 38 *Penn. St.* 104; *Noyes vs. Smith*, 28 *Vt.*, 59; *Honner vs. Ill. Cent. Railw.*, 15 *Ill.*, 550; *Ill. Cen. R. R. Co. vs. Cox*, 21 *Ill.*, 20; *Whalen vs. Mad River & Lake Erie Railroad Company*, 8 *Ohio State*, 249; *Mosely vs. Chamberlain*, 18 *Wis.*, 700; *Ohio & Miss. R. R. Co., vs. Tindal*, 13 *Ind.*, 366; *Thayer vs. St. Louis, &c., R. R.*, 22 *Ind.*, 26; *Slattery vs. Toledo, &c., R. R. Co.*, 23 *Ind.*, 81; *Carle vs. B. & P. Canal & R. W. Company*, 43 *Me.*, 269; *Buzzell vs. Laconia Manfg. Co.*, 48 *Me.*, 113; *Fifield vs. Northern R. R. Co.*, 42 *N. H.*, 225; *Hayden vs. Smithville Manf'g Co*, 29 *Conn.*, 548; *McDermott vs. Pacific R. R.*, 30 *Mo.*, 115; *Mich. C. R. R. Co. vs. Leehy*, 10 *Mich.*, 193.

But it is insisted on behalf of the plaintiff, that where the servant sustaining and the servant causing the injury are employed in separate and distinct departments of a general business, they are not *fellow* servants, and this rule does not apply. This qualification of the rule has been urged, discussed and considered in many adjudged cases, and the decided weight of authority is against its allowance.

Where the relation between the servant injuring, and the servant injured, is that of superior and subordinate, there is some conflict of judicial sentiment as to the application of the rule, but upon this matter it is unnecessary for us to

express any opinion in this case. But where no such relation exists, the general rule before laid down must be held to apply, and the master exonerated from responsibility, notwithstanding the servants are engaged in distinct departments of the same general service or business. *Farwell vs. Boston & Worcester R. R. Co.*, 4 *Met.*, 60; *Albro vs. Agawam Canal Co.*, 6 *Cushing*, 75; *Gilshannon vs. Stony Brook Railw. Co.*, 10 *Cushing*, 228; *Gilman vs. Eastern R. R. Co.*, 10 *Allen*, 236; 13 *Allen* 243; *Coon vs. Syracuse & Utica R. R. Co.*, 1 *Selden*, 492; *Russell vs. Hudson River R. R. Co.*, 17 *N. Y.*, 134; *Wright vs. N. Y. Central R. R. Co.*, 25 *N. Y.*, 562; *Abraham vs. Reynolds*, 5 *H. & N.*, 142; *Hurd Adm'r vs. Vermont & Canada R. R.* 32 *Vt.*, 473; *Seaver vs. B. & M. R. R.*, 14 *Gray*, 466; *Whalan vs. Mad River & Lake Erie R. R.*, 8 *O. State* 249; *Ohio & Miss. R. R. vs. Tindal*, 13 *Ind.*, 366; *Slatterly vs. Toledo & Wabash R. R.*, 23 *Ind.*, 81; *Moss vs. Johnson*, 22 *Ill.*, 633, *and several cases before cited.*

In the case at bar, the plaintiff and the defendant's other servants by whose negligence it is alleged that the plaintiff was injured, were in the employment of the same master, (the defendant) under the same general control, (the defendant's) and engaged in promoting the same general object, to-wit, the operating of the defendant's railroad; the plaintiff by aiding in the repairs of the track so that trains could be run thereon, the other servants by running trains.

Within the principles of the cases referred to, they must be held to be fellow servants. The case of *Whalan vs. Mad River & Lake Erie R. R.*, *supra* presents a remarkably close analogy to the case at bar, and so does *Coon vs. Syracuse & Utica R. R. supra.*

We do not feel called upon to enter into any more extended examination of the questions raised in this case. The same

questions have been directly considered, and passed upon, in the numerous cases to which we refer, and a multitude of others which will be found collected in 1 *Redfield on Railways*, 527 ; *Angell on Carriers, Secs.* 576–578 *and 2 Hilliard on Torts,* 478.

Order affirmed.