Sullivan v. The Toledo, Wabash and Western R. W. Co.

---

Sullivan v. The Toledo, Wabash and Western R. W. Co.

Negligence.—*Master and Servant.—Principal and Agent.*—As a general rule, the principal is not liable to his servant for injuries sustained by the latter through the negligence of another servant, when both are engaged in the same general business.

Same.—*Parent and Child.—Death of Minor Child.—Railroad.—Pleading.*—A complaint against a railroad company, by the parent of a minor, servant of the defendant, to recover for the death of such minor while in defendant's service, alleged that such minor had been killed through the negligence of another servant of the defendant, and without any fault on the part of the decedent.

*Held*, on demurrer, that the complaint is insufficient.

*Held*, also, that the complaint in such action should aver, that not only the decedent, but also the plaintiff, was without fault.

From the Miami Common Pleas Court.

*L. Walker* and *S. D. Carpenter*, for appellant.

*C. B. Stuart* and *T. A. Stuart*, for appellee.

Biddle, C. J.—The appellant filed the following complaint against the appellee:

"Dennis Sullivan complains of The Toledo, Wabash and Western Railway Company, and says, that heretofore, to wit, on the 29th day of September, 1870, at the county of Cass, in said State, one John Sullivan, then in life, and aged only seventeen years, the son of the plaintiff, occupying the position of a child to the plaintiff, depending upon the plaintiff for his home, and serving him in such relation, was employed as a servant of the defendant, as a hand to assist in loading and unloading one of

her gravel trains, and, as such, had to be carried from point to point along said defendant's railroad; that, on the said. 29th day of September, the said John Sullivan, being in the line of his duty in the said employment, was upon the engine. drawing the said gravel train over the said road from Peru, in said State, in the direction of Logansport, in said State; and while the said gravel train so drawn was proceeding on the way over. the said railroad from said Peru in said direction, at a certain curve in said railroad, in the said county of Cass, it was met by, and collided with, a certain other train of the defendant, passing in an opposite direction over the said railroad, and the engine so drawing the said gravel train was struck by the engine of the train with which it so collided, with such force and violence, that the said John Sullivan was then and there instantly, and without any fault or negligence on his part, killed; that the defendant carelessly, and negligently, and recklessly run the said train with which the said gravel train collided, without giving notice of the approach thereof to the conductor of the said gravel train, when she might have well done so, and, by reason of the said carelessness, the said John Sullivan, without negligence on his part, came to his death, to the damage of the plaintiff five thousand dollars, for which sum he claims judgment, and prays for other proper relief."

To this complaint the appellee filed a demurrer, alleging as ground,

First. That the plaintiff has no right of action in his own name, and for his own benefit and use; and,

Second. That the complaint does not state facts sufficient to constitute a right of action, or entitle the plaintiff to recover.

The demurrer was sustained, and judgment was rendered in favor of the appellee on demurrer. The appellant excepted and appealed.

As a general rule, a principal is not liable to one of his

servants for injuries sustained through the negligence of another servant, when both are engaged in the same general business. *The Madison, etc., R. R. Co.* v. *Bacon,* 6 Ind. 205; *The Ohio, etc., R. R. Co.* v. *Tindall,* 13 Ind. 366; *Thayer* v. *The St. Louis, etc., R. R. Co.,* 22 Ind. 26; *Slattery's Adm'r* v. *The Toledo, etc., R. W. Co.,* 23 Ind. 81; *The Ohio, etc., R. R. Co.* v. *Hammersley,* 28 Ind. 371; *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174; *The Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294.

There are no averments in the complaint before us which will take the case out of the general rule above stated, and so uniformly supported by authority.

In a complaint seeking damages for the negligence of another, in the plaintiff's own right, where the question is one of mere negligence, it must appear by the facts alleged, or by direct averment, that the plaintiff did not contribute to the injury complained of, or it will be held insufficient. *The Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185; *The Jeffersonville, etc., R. R. Co.* v. *Bowen,* 40 Ind. 545; *Jackson* v. *The Indianapolis, etc., R. R. Co.,* 47 Ind. 454; *The Toledo, etc., R. W. Co.* v. *Harris,* 49 Ind. 119; *The Jeffersonville, etc., R. R. Co.* v. *Bowen,* 49 Ind. 154; *Higgins* v. *The Jeffersonville, etc., R. R. Co.,* 52 Ind. 110; *Louisville, etc., R. W. Co.* v. *Boland,* 53 Ind. 398.

In the complaint before us, there are no facts alleged, and no averment made, showing that the plaintiff is without negligence which contributed to the injury complained of against the appellee. It is not enough to aver that the deceased was without negligence. It must also be shown, that the person who claims the damages in his own right was also without negligence.

For these reasons, the complaint is defective.

The judgment is affirmed, with costs.