## No. 7244.

GORMLEY, ADM'R, *v.* THE OHIO AND MISSISSIPPI RAILWAY CO.

RAILROAD COMPANY.—*Liability for Injury to Employee Caused by Negligence of Co-Employee.*—A servant of a railroad company employed in repairing the track thereof, and one employed in running trains thereon, are engaged in the same general undertaking; and, where the former is injured by the negligence of the latter, the company is not liable therefor.

CONTRIBUTORY NEGLIGENCE.—*Pleading.*—A complaint for injuries sustained by the plaintiff through the fault or negligence of another is bad, if it does not aver that the plaintiff was without fault or negligence contributing to the injury complained of.

From the Martin Circuit Court.

*J. C. Denny, W. S. Granger, S. H. Buskirk* and *J. W. Nichol,* for appellant.

*C. A. Beecher* and *E. C. Devore,* for appellee.

WOODS, J.—The appellant was the plaintiff below. The circuit court sustained a demurrer to the third paragraph of the original complaint, and also sustained a demurrer to the evidence adduced by the plaintiff.

It is not necessary to give a transcript or summary of the bill of exceptions. The point made upon the evidence may be considered and decided upon the following statement of the case, taken from the brief for appellant:

"STATEMENT OF THE CASE.

" The appellant is the administrator of the estate of Patrick Canfield, deceased. Canfield was killed on the 30th day of June, 1875, in Martin county, in a collision between a freight train and a hand-car belonging to and running on the track of the appellee. Canfield, it is admitted, and the persons in charge of the freight train were, at the time, in the employ of the O. & M. R. W. Co., Canfield being a laborer or section hand, whose duty it was to assist in repairing the track, etc., and, when he was killed, being on his way to work, riding towards the point of labor on the hand-car.

" The hand-car was running eastwardly and the freight train westwardly, and as the train suddenly rounded a curve in the road, which had obstructed it from view, it ran into the hand-car. The train was going at a rapid speed, being behind time, and the engineer was drunk and was sitting out on the pilot ( cow-catcher) with a couple of companions, while the fireman, who was also under the influence of liquor, was in the cab. The testimony shows additional facts, which, beyond any doubt, establish negligence on the part of the engineer ; and no fault on the part of the deceased is shown."

Counsel for appellant insist that the deceased was not a fellow servant, in the same line or department of employment, with the engineer and fireman whose drunkenness and negligence caused the injury, and the company should have been held liable. After citing and quoting from *Gillenwa-*

*ter* v. *The Madison, etc., R. R. Co.*, 5 Ind. 339 ; *Fitzpatrick* v. *The New Albany, etc., R. R. Co.*, 7 Ind. 436 ; *The Ohio, etc., R. R. Co.* v. *Tindall*, 13 Ind. 366 ; *Wilson* v. *The Madison, etc., R. R. Co.*, 18 Ind. 226, and *The Chicago, etc., R. W. Co.* v. *Harney*, 28 Ind. 28, counsel say : "We are aware that the late decisions of this State repudiate the claim on which we rest the case at bar; but our object, in citing these earlier authorities, is to recall the fact that there has been a conflict in the Indiana cases," etc.

The cases cited by counsel were not overlooked, but were referred to and explained or disapproved in the later cases. *Slattery's Adm'r* v. *The T. & W. R. W. Co.*, 23 Ind. 81 ; *The Columbus, etc., R. W. Co.* v. *Arnold*, 31 Ind. 174 ; *Wilson* v. *The Madison, etc., R. R. Co.*, 18 Ind. 226 ; *The Pittsburgh, etc., R. W. Co.* v. *Ruby*, 38 Ind. 294 ; *Sullivan* v. *The T., W. & W. R. W. Co.*, 58 Ind. 26.

These later cases are certainly not consistent with the ground on which it is sought to have a right of recovery in the appellant. If a hardship results from the application of the rule, that an employer is not liable to one employee for an injury caused by another employee engaged in the same general undertaking, it is more fitting that the Legislature be invoked to give a remedy, than that this court should undertake to introduce doubtful exceptions to a rule so clearly established.

That the appellant's case is within the rule as defined in these cases and the cases therein cited, as well as others which might be cited, there can be no doubt. We therefore hold that the court committed no error in sustaining the demurrer to the evidence.

The third paragraph of the complaint, to which a demurrer was sustained, was defective for this, if for no other reason, that it contained no averment that the deceased, Patrick Canfield, was himself free from fault and negligence which contributed to the injury complained of. Such an averment is

necessary in every case, unless the facts and circumstances which are alleged are such as clearly to exclude any fair inference of such negligence, and that is not so in this case. The rule is too familiar to warrant the citation of cases, but see *Sullivan* v. *The T., W. & W. R. W. Co.*, 58 Ind. 26.

Judgment affirmed, with costs.