Capper v. The Louisville, Evansville and St. Louis Railway Company.

Filed Oct. 17, 1885.

---

No. 11,504.

CAPPER v. THE LOUISVILLE, EVANSVILLE AND ST. LOUIS
RAILWAY COMPANY.

RAILROAD.—*Master and Servant.—Delegation of Master's Duties to Agent.— Negligence.—Liability of Master.*—Where a master delegates duties which the law imposes upon him to an agent, the latter, whatever his rank, in performing such duties acts as the master, and for an injury to an employee caused by the negligence of such agent, the master is liable.

SAME.—*Foreman.—Fellow Servants.*—A foreman, or other like agent, except where the master's duties are delegated to him, is a fellow servant with those under his immediate supervision, and for his negligence the master is not liable to a servant engaged in the same general service.

SAME.—*Tunnel Repairer and Trainmen Fellow Servants.*—One engaged in the work of constructing and repairing tunnels upon the line of a railroad, who is injured while being carried from one point to another upon the line of the road, is a fellow servant with the engineer and other persons in charge of the train.

From the Floyd Circuit Court.

*C. L. Jewett,* for appellant.

*A. Dowling,* for appellee.

ELLIOTT, J.—The material allegations of the appellant's complaint are these: "Prior to the. 7th day of February, 1883, the plaintiff, being a laborer, entered into the service of the defendant to work and assist at removing loose and projecting pieces of stone from the sides and roof of a tunnel, and to place in the tunnel timbers and frames for bracing and

supporting the sides and roof thereof, in the doing of all of which the plaintiff acted under the command and direction of one James O'Hara, who was the person appointed by the defendant as the general superintendent of the said work and the laborers engaged therein.   On the 7th day of February, 1883, while engaged about his work at the said tunnel, he, with other laborers, was directed and ordered by James O'Hara, under a threat of discharge if he disobeyed, to get upon a freight train of the defendant's and go to another tunnel near Georgetown to work.   The freight train was not stopped to allow the plaintiff to embark thereon, but was running slowly, so that plaintiff might safely have gone upon the steps and into the car, but for the negligence and carelessness of the defendant's servants who were in charge of the said train.   James O'Hara directed the plaintiff to get upon said train while it was moving slowly as aforesaid, and the plaintiff, in obedience to said order, and using due care to prevent accident or injury, attempted so to do, and for that purpose took hold of the iron rod, or hand-rail, at the rear end of the car into which he was directed to go, and started to get upon the steps of said car, but the plaintiff says that at that instant the engineer and servants of the defendant in charge of the engine which was moving said car along the track, without warning the plaintiff of their intention so to do, violently forced said car forward with great violence, causing the same to violently jerk the plaintiff, by the force and violence of which his hold was loosened from the iron rod, and he was thrown under the car and his foot run over and crushed."

The appellee contends that the trial court rightly decided that the complaint was bad, for the reason that it appears that the injury to the plaintiff was caused by the negligence of a fellow servant.   The appellant, on the other hand, contends that the ruling of the trial court was wrong, because the servants of the appellee, whose negligence caused the injury, were not in the same general line of employment.

The allegations of the complaint do not bring the case

within the cases holding that where a servant is transferred by command of his superior to a line of service different from that which he undertook when he entered the service of the master, he may maintain an action against the master for injuries received while engaged in the work to which he was transferred. Such decisions as those in *Lalor* v. *Chicago, etc., R. R. Co.,* 52 Ill. 401 (4 Am. R. 616), *Union Pacific R. R. Co.* v. *Fort,* 17 Wall. 553, *Chicago, etc., R. W. Co.* v. *Bayfield,* 37 Mich. 205, *Hurst* v. *Chicago, etc., R. R. Co.,* 49 Iowa, 76, and *Mann* v. *Oriental Print Works,* 11 R. I. 152, do not, in any event, rule this case, and we need not, and we do not, enter upon any examination of the doctrine which they maintain. The complaint before us does not aver that the appellant engaged in the service of the company to do a particular work, or pursue a designated line of service, from which he was wrongfully transferred. It does not appear that the command of the superintendent was not one which the duties of the appellant's employment required him to obey. For anything that appears, the command to go from one tunnel to another was one which the superintendent had a right to give, and to which the engagement of the appellant required him to yield obedience. It is true that the complaint avers that the command of the superintendent was given under a threat of discharge, but this is by no means equivalent to averring that the command took the appellant out of the general line of his employment, or that it was one to which he was not bound to submit under his engagement in the service of the company. It can not be presumed that either the master or the superior agent violated a duty, and disregarded the rights of the appellant. A plaintiff who founds a cause of action upon a breach of duty must state such facts as show the duty and its violation.

It may now be taken as settled in this State, that where a master delegates duties which the law imposes upon him to an agent, the agent, whatever his rank, in performing those duties, acts as the master. *Indiana Car Co.* v. *Parker,* 100

Ind. 181, and authorities cited; *Atlas Engine Works* v. *Randall*, 100 Ind. 293 (50 Am. R. 798).

The case relied on by the appellant, *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261 (38 Am. R. 134), rests on this principle. In that case the railroad company was held liable on the ground that the master mechanic, whose negligent breach of duty caused the injury, was not a fellow servant, but, in the discharge of the duties cast upon him, was acting for the master, and stood in his place. The complaint under examination does not state facts showing that the superintendent O'Hara acted in the master's place; on the contrary, it states such facts, and only such facts, as show that the so-called superintendent was nothing more than the foreman in charge of the particular work in which the appellant was employed.

In the case of *Indiana Car Co.* v. *Parker, supra,* a great number of cases were collected, from which it appears that the rule has been long and firmly established, that for the negligence of a foreman, or other like agent, the master is not liable to a servant engaged in the same general service. It is not necessary to again review the cases or investigate the subject, for the rule is too well established to be now shaken, that a foreman, except where the master's duties are delegated to him, is a fellow servant with those under his immediate supervision, and that for the negligence of a fellow servant an action will not lie against the common master.

This case is that of a servant engaged in the work of constructing and repairing tunnels upon the line of the railroad, and receiving an injury while being carried from one point to another upon the line of his employer's road. The decisions of our court are that one who is employed to do work upon the track of a railroad is a co-servant with the engineer and others in charge of the train that carries him to and from his work. *Ohio, etc., R. R. Co.* v. *Tindall,* 13 Ind. 366; *Wilson* v. *Madison, etc., R. R. Co.,* 18 Ind. 226; *Slattery* v. *Toledo, etc., R. W. Co.,* 23 Ind. 81; *Thayer* v. *St. Louis, etc.,*

Capper *v.* The Louisville, Evansville and St. Louis Railway Company.

*R. R. Co.*, 22 Ind. 26 ; *Ohio, etc., R. R. Co.* v. *Hammersley*, 28 Ind. 371; *Gormley* v. *Ohio, etc., R. W. Co.*, 72 Ind. 31.

It is not possible to distinguish in principle between the cases we have cited and .the present, for it can not make any difference whether the servant was employed to repair tunnels, relay rails, replace ties or spread gravel in ballasting the track, and this case must fall within the rule declared in those cases. The authorities are very numerous in support of the doctrine maintained by our decisions, and among the cases upon this subject are : *O'Brien* v. *Boston, etc., R. R. Co.*, 19 Reporter, 462 ; *Gillshannon* v. *Stony Brook R. R. Cor.*, 10 Cush. 228 ; *Russell* v. *Hudson River R. R. Co.*, 17 N. Y. 134; *Holden* v. *Fitchburg R. R. Co.*, 129 Mass. 268 (37 Am. R. 343) ; *Manville* v. *Cleveland, etc., R. R. Co.*, 11 Ohio St. 417; *Keystone Bridge Co.* v. *Newberry*, 96 Pa. St. 246 ; S. C., 42 Am. R. 543 ; *Vick* v. *New York, etc., R. R. Co.*, 95 N. Y. 267; S. C., 47 Am. R. 36 ; *Thompson* v. *Chicago, etc., R. W. Co.*, 18 Fed. R. 239 ; *Pennsylvania R. R. Co.* v. *Wachter*, 60 Md. 395; *Dallas* v. *Gulf, etc., R. W. Co.*, 61 Texas, 196 ; *Troughear* v. *Lower Vein Coal Co.*, 62 Iowa, 576 ; *Brown* v. *Minneapolis, etc., R. W. Co.*, 31 Minn. 553; *Heine* v. *Chicago, etc., R. W. Co.*, 58 Wis. 525 ; *Chicago, etc., R. R. Co.* v. *Moranda*, 93 Ill. 302 ; S. C., 34 Am. R. 168 ; *Cunningham* v. *International R. R. Co.*, 51 Texas, 503; S. C., 32 Am. R. 632.

The doctrine is now so well settled, and has so long prevailed, that we can not depart from it, although if it were an open question some of us would be inclined to a different view.

Our conclusion is that the complaint is bad, because it shows that the negligence which caused the plaintiff's injuries was that of a fellow servant.

Judgment affirmed.

Filed Oct. 17, 1885.