LUMLEY v. CASWELL.

1. **Damages**: DEFECTS IN MACHINERY: NEGLIGENCE. If the defects of the machinery used are known to the employe, or are discoverable by him in the exercise of ordinary care, and he remains in the employment without protest, and without inducement by promise that the defects shall be remedied, he will be presumed to have no objections to the defects and cannot recover for injuries caused thereby.

2. ————: ————: ————. *Held*, also, where the plaintiff was an engineer and had the same means of knowledge of the defects in the engine as his employer, that if he remained in the service without protest or objection he could not recover for an injury resulting therefrom.

*Appeal from Boone District Court.*

SATURDAY, OCTOBER 20.

ACTION to recover for personal injuries. The plaintiff while employed by the defendant in running a steam engine was injured by the explosion of the boiler. He avers that the boiler and pumps connected therewith were defective and that the defendant was guilty of negligence in using such boiler and pumps.

The defendant denies all negligence upon his part, and avers that the plaintiff had full knowledge of the condition of the boiler and pumps, and that the explosion was caused by the plaintiff's negligence. Other facts are stated in the opinion. Judgment for plaintiff. Defendant appeals.

*Ritchey & Green* and *J. W. Barnhart*, for appellant.

*Hull & Ramsey*, for appellee.

ADAMS, J.—There was evidence tending to show that the plaintiff at the time of the explosion had knowledge of the defective condition of the boiler and pumps. One Pugsley testified that a short time after the explosion the plaintiff told him that he had condemned the boiler before it exploded. The plaintiff himself testified that the cold water pump was old; that at times it would pump enough to supply the boiler and

more times it did not. He also said: "I was free at all times
to examine and know the condition of these pumps and had
the privilege of doing so. I never looked at them. I had no
interest in them. I didn't want to. I think I told Pugsley
about two weeks before this explosion that the boiler was a
condemned one. But won't be sure that I did or did not. I
am not positive that I did not tell Pugsley at the same time
that I had condemned the boiler." There was also evidence
tending to show recklessness on the part of the plaintiff. The
witness, Pugsley, testified that about ten days before the ex-
plosion the plaintiff told him that he intended to blow the
boiler to hell before he left.

An instruction asked by the defendant, and, refused by the
court, is in these words: "If the plaintiff had the same
knowledge or means of knowledge of the defects
or deficiencies or imperfection in the boiler or
machinery which the defendant had, and remained
in his employ without protesting or objecting, he cannot re-
cover for an injury caused by such defects, deficiencies or im-
perfections, but will be held to have incurred all the risks of
the employment incident to the use of such defective, deficient
or imperfect machinery." In refusing to give this instruction
we think that the District Court erred.

1. DAMAGES: defect in ma-chinery: neg-ligence.

The instruction, it is true, would have been erroneous if
there had been any evidence tending to show that the plain-
tiff remained in the defendant's employment under a promise
on the part of the defendant that the defects should be reme-
died. *Greenleaf v. Ill. Cen. R. R. Co.*, 29 Iowa, 14; *Clarke
v. Holmes*, Hurlst. & N., 937. It is also true that while the
abstract does not show any evidence of such a promise it does
not purport to contain all the evidence. But we think we are
justified in assuming that there was no evidence of such
promise. An instruction was given by the court which would
have been incorrect if there had been such evidence. That
instruction is in these words: "If the plaintiff had the means
of knowledge that the defendant had as to the condition of the
boiler and other machinery, and having knowledge of the
defects or unsafe or unsound condition of the boiler and other

machinery does not object or protest against the continuance of such defects or unsafe or unsound condition, of the boiler and other machinery or materials, but remains after such knowledge in the employ of the defendant, he thereby contributes by his own neglect to such damage and cannot recover." Such being the idea of the court, we cannot suppose that the instruction asked by the defendant was refused upon the ground that it was not qualified by the condition that the plaintiff was not induced to remain in the defendant's employment by a promise that the defects should be remedied. It is probable, indeed, that the instruction given was designed to embrace substantially the doctrine of the instruction refused. But it failed to do so by an infelicity in its structure. The plaintiff's negligence was made to depend upon his remaining in the employment with the same means of knowledge, *and* the knowledge, of the defects. The court evidently used the word *and* where it intended to use the word *or*. This appears from the fact that if plaintiff had the knowledge he had necessarily the means of knowledge. Now it was the defendant's right to have the jury instructed that if the plaintiff had either, and remained without protest, he would be unable to recover.

While we think that the instruction asked by the defendant should have been given, we do not hold it to be correct as a general proposition, but merely in its application to this case. The plaintiff was an engineer. If there were such defects in the boiler or pumps as to cause an explosion it was as much his duty to use the means in his power to discover them as it was the duty of the defendant to use the same means. But we are not prepared to say that a person might not be employed under such circumstances, or sustain such relation to his employer, that a more rigid duty would be imposed upon the employer than upon the employed to use such means as were within the reach of both to discover defects in the machinery used. The rule of general application undoubtedly is that if the defects of the machinery used are known to the employe, or are discoverable by him in the exercise of ordinary care, and he remains in the employment without protest and

without inducement by promise that the defects shall be remedied, he will be presumed in the absence of evidence to the contrary to have waived his objections to the defects.

REVERSED.