ROBERT D. McQUEEN v. THE CENTRAL BRANCH UNION
PACIFIC RAILROAD COMPANY.

1. RAILROAD EMPLOYÉ, *Not a Passenger.* Where the plaintiff was in the employ of the railroad company, painting depots, bridges, tanks and switches along the line of the road, and was transported over the road to discharge the duties of his employment in a small steam car used only by the officers and employés of the railroad company, which car was propelled by steam and was something after the shape of a hand-car, *held,* that plaintiff was merely an employé of the railroad company, riding upon the road in the steam hand-car in consequence of his employment and as an employé, without paying any fare; therefore he was not a passenger within the true sense of that term, nor entitled to the rights of a passenger.

2. BODILY INJURIES; *Contributory Negligence of Plaintiff.* In an action for personal injury, the plaintiff, employed and transported as above stated, offered evidence tending to prove that he was injured by a steam hand-car jumping from the track, caused by the carelessness of the company in using defective wheels, in this, that the flanges of the wheels were not as deep as the wheels of other cars, and that the wheels were worn flat. It did not appear that the plaintiff rode upon the car under any special orders of the company, or made any report of the alleged defects to the company, or to any of its officers, or that he had any promise or assurance of the company that it would remedy the defects in the wheels of the car, or provide new wheels, and before the injury complained of the defects in the wheels (if any existed) were plainly visible, and the plaintiff not only had full opportunity to acquire knowledge of the condition of the wheels, but must have known their condition. *Held,* Therefore, that even if the defects existed in the wheels, the company was not liable to the plaintiff, because he must be held to have either voluntarily run the risk of being injured, or to have been guilty of contributory negligence.

### *Error from Atchison District Court.*

ACTION by *McQueen* against *The Railroad Company,* to recover damages for bodily injuries. Trial at the June Term, 1881, and judgment for defendant. The plaintiff brings the case here. The facts are stated in the opinion.

*H. M. Jackson,* and *Tomlinson & Griffin,* for plaintiff in error.

*Everest & Waggener,* for defendant in error.

44 — 30 KAS.

The opinion of the court was delivered by

HORTON, C. J.: Action for personal injury. The court instructed the jury upon the facts proved upon the trial, that the plaintiff was not entitled to recover, and directed the jury to return a verdict for the company.

The principal question in this case is, whether the plaintiff was a passenger, or entitled to the rights of a passenger, at the time of his injury. The facts are substantially these: The plaintiff, on June 6, 1878, was, and for a year prior thereto had been, in the employ of the railroad company, painting depots, bridges, tanks and switches; part of the time working in the city of Atchison, and part of the time along the line of the road. In the early part of June, 1878, he started for Waterville, accompanied by the engineer, on a small steam hand-car used only by the officers and employés of the railroad company. The car was propelled by steam, and was something after the shape of a hand-car. It had two pairs of wheels which were about eighteen inches in diameter, connected by a rod or crank, and were the ordinary width of the track; the front pair was about two and one-half or three feet from the rear pair; there was a horizontal steam engine of three horse power very near the center, about the size of a small stove; the boiler rested in an upright position, and was about two feet in diameter; the coal box was situated on the left of the boiler; there was a water tank under the rear seat; the car had two seats, one on the front and one in the rear. The plaintiff painted the uprights of the switchboards at all the stations on his way to Waterville. On the morning of the 6th of June, 1878, he started from Waterville on the steam hand-car to return to Atchison, and in coming into Netawaka, as the steam hand-car passed in on the side track, the car jumped the track. Plaintiff was thrown some ten or twelve feet, his face striking the ground, and the car falling upon his ankle or foot. After being injured, he did not stop to discover the cause

of the car jumping off the track, but rode into Atchison on the same car.

The evidence did not disclose any contract between the plaintiff and the company for his transportation over the road, but it is clear therefrom that he was carried from station to station upon the road so that he might discharge the duties of his employment. Upon the facts proved, the plaintiff was merely an employé of the railroad company, riding upon the road in the steam hand-car in consequence of his employment, and, as an employé, paying no fare. He was not a passenger, within the true sense of that term, and not entitled to the rights of a passenger. (Sherman and Redfield on Negligence, 101–127; 1 Redfield on Railways, 520–537; *Railway Co. v. Nichols,* 8 Kas. 505; *Railway Co. v. Salmon,* 11 id. 83.)

Counsel for plaintiff say, however, that even if the plaintiff was not a passenger on the steam hand-car at the time of the injury, yet that he is. entitled to recover damages, because there was some evidence showing that his injury was caused by the carelessness of the company in using defective wheels to the steam hand-car upon which he was transported from station to station, on his return from Waterville to Atchison. The defects in the wheels of the car (if any existed) were, that the flanges on the wheels were not as deep as other wheels, and that the wheels were worn flat. Even if the wheels were defective, as testified to by the plaintiff, nevertheless the company in this instance was not liable, although the defects were such as under ordinary circumstances the company would be bound to remedy, as the plaintiff was equally chargeable with the notice of the defects as the company. He was well acquainted with the steam hand-car and the wheels thereof. At Vermillion station, prior to the accident, he had helped to shove the car back a mile, so as to let the passenger train go past; he had got on and off at every station; had full opportunity to know the condition of the wheels; he testified he had examined the car; that he had

wiped the car several times before the injury, and the wiping consisted in taking all the oil off the wheels.

If the plaintiff rode upon the car without any special orders of the company, and made no report of such defects to the company, or to any of its officers, and had no promise or assurance from the company that they would remedy the defects in the wheels of the car, or provide new wheels therefor, with the knowledge he had of the condition of the steam hand-car and the wheels at the time of the injury, he must be held to have either voluntarily run the risk of being injured, or to have been guilty of contributory negligence. If any defects existed in the wheels of the car they were plainly visible, and the plaintiff not only had full opportunity to acquire a knowledge of the condition of the wheels, but must have known their condition. Therefore, if the defects existed, he was not entitled to recover. ( *Woodley v. Railroad Co.*, 2 Exch. Div. 384; *Kielly v. Mining Co.*, 3 Saw. 500; *Hayden v. Manufacturing Co.*, 29 Conn. 548; *Railroad Co. v. Kinney*, 58 Ga. 485; *Lumley v. Caswell*, 47 Iowa, 159; *Railroad Co. v. Monroe*, 85 Ill. 25; *Coal Co. v. Reed*, 6 C. L. J. 275; *Artman v. Railroad Co.*, 22 Kas. 299.)

In this connection, perhaps we ought to say that the engineer in charge of the steam hand-car at the time of the injury testified that after the car jumped the track, he looked at the rims on the inside of the wheels; that they were not worn so as to hurt the car any; that they were all right; that the wheels were not worn to any great extent; that the wear on them was not noticeable; that they were in good condition, and nothing the matter with them. Also, that a large amount of other evidence was offered by the company tending to prove the same facts, and to show that the accident was an unavoidable one.

The judgment of the district court will be affirmed.

All the Justices concurring.