AFFIRMED.

---

## WAY v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

**Railroads:** INJURY TO CAR-REPAIRER : NEGLIGENCE : LIABILITY. Plaintiff was one of defendant's car-repairers, and he seeks to recover for injuries alleged to have been caused by defendant's failure to furnish him competent assistance in doing certain work, and by its negligence in failing to keep its yard free from snow and ice. But, it appearing that he knew the condition of the yard, and that the car on which the work was to be done was placed at the position in the yard indicated by him, and that he undertook to do the work alone, without calling for help until after he had slipped and fallen, and received the injury complained of, though competent help was at hand, and responded to his call as soon as made, *held*, as matter of law, that he could not recover. (See cases cited in opinion.)

*Appeal from Hamilton District Court.*—HON. D. D. MIRACLE, Judge.

FILED, DECEMBER 22, 1888.

THE plaintiff seeks by this action to recover damages for a personal injury received while engaged as a car-repairer in the employ of the defendant. There was a trial by jury. At the close of the introduction of the plaintiff's evidence, the court upon motion directed a verdict for the defendant. Plaintiff appeals.

*Chase & Chase*, for appellant.

*J. C. Cook*, for appellee.

ROTHROCK, J.—The negligence complained of, and
which is made the ground of the plaintiff's cause of
action, was that the defendant directed the plaintiff to
perform duties which required more and competent
help, and failed to furnish a sufficient number of men
competent to perform the work safely, and that defend-
ant allowed snow and ice to accumulate in its switch-
yard, on which plaintiff slipped, and which contributed
directly to his injuries. The particular work which
plaintiff undertook to do, and in the performance of
which he claimed he was injured, was to put a draft iron
in place in a way-car. His employment was that of a
night car-repairer; that is, he made minor repairs upon
cars which passed over the road, in the night. In doing
some switching in the yards at about ten o'clock, a draft
iron in a way-car was knocked out, and one Betend, who
had charge of the switching of cars in the yards, notified
the plaintiff of the fact, and directed him to repair it at
once. Plaintiff went to the car, and discovered that a
new draft iron was required. He requested the car to
be placed in position to do the work, and it was put upon
a track near the tool-house, and stopped just where the
plaintiff directed it to be placed,—near where the draft
iron lay. Plaintiff gave the signal to stop the car.
When stopped, he removed the old draft iron, took hold
of the new one, and dragged it some ten or twelve feet to
the car, and attempted to raise it up and put it in place,
and in doing so he slipped on the ice and was injured,
After he was injured, he called for assistance in doing
the work, and one of the yard-men went to his aid, and
put the draft iron in place, and while doing so the plain-
tiff stood by and held his (plaintiff's) lantern. The
weight of the iron was about two hundred and forty
pounds. The plaintiff knew the weight of the draft
iron, and had frequently done such work. There was

an employe whose business it was to assist the plaintiff in his work as a night repairer, but he was absent at the time,—had gone to supper. The plaintiff knew of his absence, and he knew of the condition of the track upon which the car was placed. He claims he was injured in March, 1885, and he had been employed in the yard all the preceding winter.

It is to be observed that the plaintiff was not engaged in the hazardous occupation of operating a railroad. He does not claim that he is entitled to recover under the statute by reason of the negligence of a co-employe engaged in the same common service. But he claims that the defendant incurred a common-law liability by reason of failing to furnish him with help to put the draft iron in place, and by reason of allowing ice to accumulate on the track so as to be dangerous. The foregoing facts are not in dispute. They are the substance of the plaintiff's testimony, given upon the trial, so far as it relates to the circumstances immediately attending the injury. They demonstrate quite clearly, to our minds, that the court properly held as matter of law, and directed the jury to find, that the plaintiff had no right to recover. It is not claimed by the plaintiff that he made any complaint that the defendant did not furnish a suitable place to do his work. His employment required him to make temporary repairs to cars upon the railroad tracks. If there was snow and ice at the place where he signaled the car to be stopped, so as to make his work dangerous, he should have required the car to be placed where no such danger existed. It is claimed that he had made complaint that the employe whose duty it was to assist him was frequently absent, and not attentive to his business; but this was immaterial, because other employes were within call, and the evidence shows that they would and did assist him in putting the draft iron in place. It is true that plaintiff's counsel offered to show by the plaintiff that the yard-master ordered him to proceed himself and repair the car, and the court sustained an objection to the offered evidence; but this was without prejudice,

because the plaintiff was afterwards permitted to state all of the conversation between the yard-master and himself, from which it appears that there was no order requiring him to put the draft iron in place with his own hands, and without assistance. The facts show that no such command was given. The assistance was furnished promptly when called for by the plaintiff. In our opinion the undisputed facts show that the plaintiff, with a full knowledge of all the circumstances surrounding him, voluntarily undertook to raise up and place the draft iron alone ; and, if he was injured, he alone was in fault. The doctrine has become elementary that where an employe uses the machinery and appliances, and does his work in the place, furnished by the employer, and with such assistance as is furnished to him, with full knowledge of all the facts in connection therewith, and without complaint to the employer, he cannot recover damages upon the ground that the employer was negligent in failing to provide for his safety. We think no authority can be found which holds otherwise. It may be conceded that the plaintiff made complaint of the absence of the employe whose business it was to assist him ; but, as we have seen, the evidence conclusively shows that there were other employes ready to come to his aid. See *Lumley v. Caswell*, 47 Iowa, 159 ; *Money v. Lower Vein Coal Co.*, 55 Iowa, 671 ; and *Heath v. Whitebreast Coal Co.*, 65 Iowa, 737.

AFFIRMED.