CASE 96—PETITION ORDINARY—SEPTEMBER 30.

# Illinois Central Railroad Company v. Hilliard.

APPEAL FROM HICKMAN CIRCUIT COURT.

1. RAILROADS—FELLOW-SERVANTS.—The conductor of a freight train and one employed by a railroad company to inspect each car of a train and ascertain if it is in safe condition, are not fellow-servants in the sense of being upon a common footing and agents of each other. They acted in different spheres and neither could or was required to know whether the other did his duty.

2. GROSS NEGLIGENCE.—A jury should not be required to believe that a car inspector had been guilty of gross negligence in his examination of cars, before one injured by reason of defective appliances thereon can recover. The simple inquiry should be, did the company, through its inspector use ordinary care in examining the cars so as to ascertain whether the appliances were in a safe condition.

3. CONTRIBUTORY NEGLIGENCE—LATENT DEFECT—DUTY OF CONDUCTOR.—While it is the duty of a conductor to examine the condition of a train before taking charge of it, he could not reasonably be required or expected to make such a close and minute examination as to discover a latent defect. There is a difference in the degree and character of examination required of a car inspector, who is employed for that special purpose, and that required of a conductor.

GEO. L. HUSBANDS FOR APPELLANT.

1. As between a railroad company and its employes, the company is bound to the use of ordinary care and prudence only in the inspection of its cars and appliances; and the established rule is

that where an injury is the result of a latent defect of which the company has no prior knowledge, and which was not discoverable by the exercise of ordinary care, the company is not liable. (Wood on Railroads, vol. 3, p. 1729.)

2. When one enters upon an employment for another he assumes all the ordinary risks attendant upon it; and when a number of persons enter a common employment for another, all being upon a common footing, and one receives an injury by the neglect of another, they are regarded as the agents of each other, and no recovery can be had against the employer. (Wood on Railroads, pp. 173 and 1723; L. & N. R. R. Co. v. Moore, 83 Ky., 683.)

3. The car inspector and conductor were fellow-servants with reference to car inspection; they were both required under their contracts of employment to inspect cars before they were used.

4. It was the duty of the conductor to have examined the train before starting on the trip, and if he failed to find such defects as ordinary care would have discovered, he was guilty of contributory negligence and can not recover. The fact that there was a regular car inspector, whose duty it was to inspect the cars and appliances, does not relieve him from this duty. (Wood on Railroads, vol. 3, sec. 372.)

WILLIAM LINDSAY OF COUNSEL ON SAME SIDE.

1. It is not neglect in the master if a tool or machine breaks, whether from an internal and original fault not apparent when the tool or machine was first provided, or from an external apparent one produced by time or use not brought to the master's knowledge. These are the ordinary risks of the employment which the servant takes upon himself. When a rule or custom of the service requires a conductor to examine the cars composing his train, his failure to do so is negligence on his part and will prevent recovery for an injury which a proper examination might have prevented. (Wood on Railroads, vol. 3, sec. 372.)

2. Upon the testimony of the appellee himself the jury should have been instructed to find for the defendant upon the ground that he not only did not prove negligence upon the part of the company, but himself proved that the ladder and rounds were in apparently safe condition at the time he took charge of the car, and the defect, if any, was a latent one which could not have been discovered by any such examination as ordinary prudence requires.

3. The plaintiff in his pleadings makes no claim for damages on account of moneys paid for board, doctors' bills and medicines, and yet the court in its instructions authorized the jury to award damages for these things.

THOMAS E. MOSS for appellee.

1. The conductor and car inspector are in no sense fellow-servants; their duties are essentially different, are in different spheres and performed at different times and places, and they are not in the same line of service or in the same department. (Voltz v. C. & O. Ry. Co., 15 Ky. Law Rep., 728; L. & N. R. Co. v. Davis, 14 Ky. Law Rep., 716)

2. The servant has a right to presume that the master will do his duty, and acting upon this presumption, is not chargeable with contributory negligence. (32 Minn., 250; 20 N. W. Rep., 147; 34 N. W. Rep., 311.)

3. The law charges the master with knowledge of that which he ought to have known, and he ought to know that which, by the exercise of due and reasonable care, he could have discovered. (Braun v. Chicago, &c., R. R., 53 Iowa, 595; Bossex v. Ry. Co., 45 Wis., 477.)

4. When a defect has existed in appliances for any length of time, knowledge thereof upon the part of the master may be presumed from that fact alone. (Deppe v. R. R. Co., 36 Iowa, 52; Baldwin v. R. R. Co., 68 Iowa, 37; 52 N. W. Rep., 918.

THOS. G. POORE and THOS. H. HINES of counsel on same side.

JUDGE LEWIS delivered the opinion of the court.

E. V. Hilliard was employed as conductor of a freight train of appellant, the Illinois Central Railroad Co., which left Mounds Station of that State October 5, 1893, going southward, but just before reaching Clinton, Kentucky, the train, moving at about the rate of five miles per hour, broke apart, and Hilliard, being on the top of the cars, thereupon started to descend to the ground on a ladder fixed at the end of one of the cars, when a round thereof as he grasped it

gave way, in consequence of which he fell and one of his hands was so crushed by a wheel as to necessitate amputation.

It is not contended that he was, under the circumstances, out of his proper place or negligent, or outside his line of duty in attempting to descend in the manner and time that he did; nor is there dispute about his fall and injury resulting from insecure fastening of the round which he had to take hold of in order to descend. The questions, therefore, are whether the railroad company was guilty of actionable negligence, and if, or although it was, whether Hilliard as conductor was guilty of such contributory negligence as that but for it the fall and injury would not have occurred, and those questions involve an inquiry as to the respective and relative duties of the two parties.

As the lower court instructed the jury, it was the duty of the company to provide and keep in good and safe condition the ladders attached to the several cars; and, as it further instructed, if at the time plaintiff was hurt the ladder in question was in an unsafe condition and defendant knew it, or by the use of ordinary care could have known it in time to put the same in a safe condition, and the injury resulted from such condition of the ladder, then plaintiff was entitled to recover, unless plaintiff knew, or by exercising ordinary care could have known, the ladder was in such condition.

Defendant asked but the court refused to give the following instruction: "That the car inspector of the defendant and the plaintiff as conductor of the freight train upon which the accident happened were fellow servants, engaged in the same line of service as to the inspection of the cars in said train, and, though the jury may believe from the evidence that said inspectors were guilty of negligence in the

inspection of said cars, yet they can not find for plaintiff unless they believe said negligence was gross negligence."

That instruction was properly refused because abstract and misleading. In the first place the person employed at Mound Station to inspect each car of a train and ascertain if it is in a safe condition was not a fellow servant of plaintiff in the sense of being upon a common footing and agents of each other. They acted in different spheres, and neither could or was required to know whether the other was properly doing his duty. In the second place it would have been improper to require the jury to believe the inspector was guilty of gross negligence. The simple inquiry was, as they had been instructed, whether the company, through its inspector, used ordinary care in examining the cars so as to ascertain whether the ladders attached to each were in a safe condition; for it was the legal duty of the company to guard against every source of danger they could, by the exercise of that kind and degree of care, foresee and prevent; and while a railroad company can not be required to insure the safety of a train, it is bound to make a reasonable, proper and careful examination of each car.

The evidence in this case shows that the bolt which held the defective round of the ladder was so rusted and worn that the tap slipped off when the plaintiff grasped the round. And the jury might have reasonably concluded that the inspector could and would, by using the proper and reasonable care, have discovered the fact, and having failed to do so legal liability of the company was fixed.

On the other hand the conductor, while required to examine the condition of a train before taking charge of it, could not be reasonably required or expected to make such close and minute examination as to discover a latent defect.

If the ladder had been detached or out of place it would have been plaintiff's duty to have discovered it. There is plainly a difference in the degree and character of examination of the cars required of the inspector who is employed for that special purpose and that required of a conductor. If there was not there would be no use for an inspector.

Perceiving no error of law on the trial of this action, the judgment is affirmed.