# CHARLESTON.

SANDERSON *v.* THE PANTHER LUMBER COMPANY.

Submitted March 23, 1901. Decided November 9, 1901.

1. CARRIERS—*Fellow Servant—Contract.*
    A foreman of a lumber camp whose duty in the interest of a common employer requires him to ride on a log train to and from the camp to the mill is a fellow servant with the employes of the same employer operating such log train and not a passenger unless there is an express or implied contract requiring him directly or indirectly to pay fare for his passage.  (p. 46).

2. EMPLOYE'S RISK—*Negligence of Employer.*
    An employe assumes not only the risk of accident occasioned by the negligence of his fellow servants, but also of the known negligence of his employer if he accepts or continues in such service after knowledge of such negligence.  (p. 46).

Error to Circuit Court, McDowell County.

Bill by James Sanderson against the Panther Lumber Company.  Decree for plaintiff, and defendant brings error.

*Reversed.*

RUCKER, KELLER & ANDERSON, for plaintiff in error.

HENRY & GRAHAM, CHAPMAN & GILLESPIE and FLOURNOY, PRICE & SMITH, for defandant in error.

DENT, JUDGE:

The Panther Lumber Company obtained a writ of error to a judgment against it on the verdict of a jury for the sum of one thousand three hundred and twenty-five dollars rendered by the circuit court of McDowell County at the suit of James Sander-

son, on the 10th day of May, 1900. The facts are as follows, to-wit: The plaintiff was foreman of the lumber camp of the defendant, engaged in the lumber business. As such it was his duty to superintend the cutting of the timber, getting it out of the woods and loading on the cars at the lumber camp. The defendant operated a railroad eight or nine miles long for the purpose of transporting logs from the camp to the mill. The plaintiff by permission or direction of the defendant was in the habit of riding on the log train whenever the business of the company required his presence at the office of the company located at the mills. Plaintiff needing feed for the horses under his charge, got on a loaded train for the purpose of going to the mills to see about obtaining the feed. A part of the train left the track near a place called the mud hole. Plaintiff jumped to save himself, but a log struck him, knocked him down and he suffered the injury for which he sues, consisting of a broken ankle and other wounds and bruises. Some little attempt is made to show that the Panther Railroad Company should have been made defendant instead of the Panther Lumber Company. The evidence by decided weight and preponderance shows that the Panther Lumber Company is the real Dr. Jekyl, while the Panther Railroad Company is only Mr. Hyde, and the jury made no mistake in so finding. This matter must be considered out of the controversy.

This case depends greatly on the question as to whether the plaintiff is to be treated as a passenger on the train for fare, express or implied, or an employe engaged about his master's business and traveling on the train for the convenience of such business. If in the former capacity he assumed neither the risks of the master's negligence nor of the servants operating the train, and as there is evidence tending to show both the verdict could not be disturbed unless contrary to the plain preponderance of the evidence which in such event does not exist, and the judgment would have to be affirmed.

The evidence does not show the plaintiff to have been a passenger travelling over the road for his own convenience for fare, express or implied. On the contrary it shows that he was an employe travelling over the road on his master's business at the instance of the master without fare. "The presumption that a person on a train is a passenger does not prevail in cases where

the train is one on which passengers are not ordinarily carried, as for instance a construction train, or an oil train, or the like." "As to whether an employe riding on a train is a passenger, there is some conflict, but the rule seems to be that if he is being carried to and from his working place, he is not a passenger, but if he is carried for his own convenience or business he is a passenger." 4 Elliott on Railroads, ss. 1578, 1582. "One may be both a passenger and an employe of a railroad company; an employe when passing over the road at a time when actually engaged in performing duties for the company, but a passenger while not so engaged but riding from one place to another, even though continuing all the while in a popular sense in the employment of the company." 5 Am. &. En. En. Law, 516.

The plaintiff's counsel insist in their argument that plaintiff was required to ride on the cars while engaged in the defendant's business. According to the foregoing authorities this makes him a fellow servant with the engineer and not a passenger. The fact that he was on the cars in discharge of duties he owed to defendant gives rise to fellow servancy, while it might have been otherwise had he been there travelling about his own business with permission of the defendant. *Gilshannon* v. *Railroad Corporation*, 10 Cush. 229; *O'Brien* v. *Railroad Co.*, 138 Mass. 387; *Russell* v. *R. R. Co.*, 17 N. Y. 134; *Albion Lumber Co.* v. *De Nolra*, 72 Fed. 729. In this latter case De Nolra was travelling about his own business instead of the company's, and was held to be to a certain extent a *quasi*-passenger, though not for fare. *McQueen* v. *Railroad Co.*, 30 Kan. 689; *Pac. Railroad Co.* v. *Salmon*, 11 Kan. 83; *McDaniel* v. *R. R. Co.* 90 Ala. 64; *Rosenbaum* v. *St. Paul R. Co.* 38 Minn. 173. From these authorities by his admission the plaintiff must be regarded as an employe and not as a passenger when he was injured. According to the plaintiff's admission in his testimony it was a part of his duty to travel on the log train from the lumber camp to the mill on the master's business, and he was in the discharge of this duty when he was hurt. In accepting service in this employment, there are two classes of risks that he assumed.

1. The appliances or means and method of work. For if the machinery and appliances are such as can with reasonable care be used without danger to the employe, it is all that can be required of the employer. *Seldonridge* v. *Railroad Co.*, 46 W. Va. 569.

2.    The negligence of his co-employes or fellow servants. "All servants engaged in the common service of the same master in conducting and carrying on the same general business in which the usual instrumentalities are employed are fellow servants. A proper test of this rule is whether the negligence of the one is likely to occur and inflict injury on the other." *Jackson* v. *N. & W. R. Co.,* 43 W. Va. 380. This plaintiff knowing that in the discharge of his duty it would be necessary to travel on the log train in accepting his employment, accepted the risks attendant thereon, both as to the condition and nature of the train and track, and the negligence of his fellow servants engaged in operating such train. He knew it was not a passenger train or road, but a log train or road, built and used for the purpose of conveying logs from the camp to the mills. Hence he could not complain that it was not in the condition of a first class passenger road, for the master could not afford to make it such for his benefit alone. When he entered on the cars he fully knew the condition of the road as well as the master, and he must be held to have assumed the risk thereof. So the condition of the track cannot and should not have anything to do with the determination of this case, especially as the plaintiff admits that it was the negligence of the engineer in reckless management of the train and engine, owing to bad temper, that caused the accident. Knowledge of the defect in the engineer's power to properly control his temper was not brought home to the defendant, nor the defect in the sand pipe or want of sand. Hence the defendant could not be held liable by reason of these things, for it was not shown that it was guilty of negligence with regard thereto. From the evidence of the plaintiff it appears that if the machinery and appliances had been used with reasonable care on the part of the engineer, the accident would not have happened. The engineer insists on the other hand that owing to the cold weather and snow the track was sweating and slippery, so that he was unable to control the train. In neither case does there appear to be any liability against the defendant. For if it was occasioned by the unknown recklessness of the engineer the master is not liable, if it was occasioned from the want of sand by neglect of the engineer the master is not liable, and if it was occasioned by a recent defect in the sand pipes of which the master had no knowledge, it is not liable, and if it was occasioned

by the slippery condition of the rails which neither the engineer nor master by the use of ordinary diligence could foresee, and of which the plaintiff had equal knowledge, the master is not liable. No negligent act beyond the plaintiff's assumed risk appears from the evidence to have been brought home to the defendant.

The following instructions were given in behalf of plaintiff:

### (No. 1.)

The court instructs the jury that it was the duty of the defendant company to use due and proper care to so construct, maintain and equip its railroad and engines used thereon, so that the plaintiff could be safely carried thereon whenever it became his right or duty to ride thereon, and if you believe from the evidence that the defendant company did not use due and proper care in the construction of its road and equipment of its engine, and that such failure on the part of the defendant was the proximate cause of the injury complained of, then you should find for the plaintiff.

### (No. 2.)

The court instructs the jury that if you believe from the evidence that the proximate cause of the injury to the plaintiff was the concurring negligence of the defendant company and a fellow servant of the plaintiff, then you should find for the plaintiff.

### (No. 3.)

The court instructs the jury that while a servant entering the service of the master assumes the ordinary risk incident to the service, yet the negligence of the master is not one of those risks.

None of these instructions were proper in this case, for they all disregard the risks assumed by the plaintiff. For if the plaintiff is aware of negligence on the part of the master in the conduct of his business, he assumes the risk of such negligence in either accepting or continuing in such business. *Sheldonridge* v. *Railroad Co.*, cited.

The defense in this case is that if there was negligence on the part of the master in conducting its business, plaintiff was fully aware of such negligence prior to the accident and assumed the risk thereof, and this is entirely ignored in each of these instructions. *G. W. McVey* v. *St. Clair Co.*, decided last term.

The first instruction asked by the defendant, which is in these words: "The court instructs the jury to find for the defendant," should have been given, for there is no evidence in the case proving or tending to prove any act of negligence on the part of the defendant, of which the plaintiff did not have notice and did not assume the risk, and if the accident was caused by the slippery condition of the track, neglect of duty or the reckless running of the train on the part of the engineer, of which the defendant had no notice in time to prevent, the defendant is not liable and the circuit court should have so instructed the jury.

This ends this case. The judgment is reversed, the verdict of the jury set aside, and a new trial is awarded.

*Reversed.*