## WALLACE v. THOMPSON, ADMINISTRATOR.

[No. 7,380. Filed January 12, 1912.]

1. CARRIERS.—*Passengers.*—*Railroads.*—*Menageries.*—The proprietor of a menagerie that is being transported by railroad cannot be held liable for the negligence of the servants of the railroad company. p. 215.

2. MASTER AND SERVANT.—*Common-Law Liability.*—*Sister States.*—*Presumptions.*—*Complaint.*—In the absence of an allegation in the complaint to the contrary, the presumption is that the common-law liability of masters to their servants still obtains in a sister state, and that it is the same as the common-law rule in this State. p. 215.

3. MASTER AND SERVANT.—*Employers' Liability Act.*—*Extraterritorial Force.*—The Indiana employers' liability act has no extraterritorial force; and it has no effect on a cause of action begun in this State for negligence occurring in a sister state. p. 215.

4. MASTER AND SERVANT.—*Fellow Servant.*—*Common Law.*—*Complaint.*—A complaint, at the common law, for personal injuries sustained by one servant because of the negligence of another, must show that they were not fellow servants, and that such servant causing the injury was at the time in the performance of some masterial duty. p. 216.

5. MASTER AND SERVANT.—*Fellow Servants.*—*How Determined.*—*Contracts.*—*Assumption of Risk.*—One servant engaged in the

same common enterprise with another is a fellow servant; and under his contract of employment, he impliedly assumes the risk of the negligence of such fellow servant. p. 217.

6. COURTS.—*Supreme.*—*Appellate.*—*Authority of Decisions.*—The Appellate Court is bound by the decisions of the Supreme Court. p. 218.

7. MASTER AND SERVANT.—*Fellow Servants.*—*Menageries.*—*Transporting.*—A complaint alleging that plaintiff's decedent was employed as a tent man in a menagerie and that as a part of his employment he was transported from place to place on the employer's trains, shows that the employes operating the train and such decedent were fellow servants, assuming that the train was being operated by such employer. p. 219.

8. MASTER AND SERVANT.— *Defective Machinery.*— *Notice.*— *Assumption of Risk.*—*Complaint.*—A complaint alleging that plaintiff's decedent was employed by defendant as a tent man in a menagerie, that defendant's servants, because of defective air-brake appliances, ran the latter section of the train into the former section, thereby killing decedent, states no cause of action, since it is not alleged that the decedent was ignorant of such defective air-brakes. p. 220.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by William E. Thompson, as administrator of the estate of John Thompson, deceased, against Benjamin E. Wallace and another. From a judgment for plaintiff for $2,000 against said Wallace, he appeals. *Reversed.*

*Frank B. Parks, Charles A. Cole* and *Albert H. Cole,* for appellant.

*N. L. Agnew, J. W. Egnew* and *W. G. Todd,* for appellee.

LAIRY, J.—Appellee brought this action in the Porter Superior Court against appellant and the Grand Trunk and Western Railway Company, to recover damages resulting from the death of John Thompson. The issues formed by the amended complaint were submitted to a jury, which returned a verdict in favor of appellee and against appellant. At the conclusion of the evidence the defendant railway company moved that the court instruct the jury to return a verdict in its favor, which motion was sustained, and a verdict returned in favor of said defendant. Appellant filed

a demurrer to appellee's amended complaint, which demurrer was overruled by the court, and this ruling presents the first error relied on for reversal.

After alleging the appointment of plaintiff as administrator of the estate of John Thompson, deceased, the complaint avers, in substance, that defendant, Benjamin E. Wallace, was the owner and proprietor of a circus and menagerie, which was traveling on the Grand Trunk and Western Railway, a corporation owning and operating a line of railroad from Port Huron, Michigan, to Chicago, Illinois; that on August 7, 1903, plaintiff's decedent was in the employ of defendant Wallace, in connection with his circus and menagerie; that his duties were to assist in erecting tents for performances and in preparing for transporting said circus and menagerie from one place to another, on cars owned by said Wallace, and which were transported over the line of defendant railway company under some agreement between Wallace and said company, and that the duties of plaintiff's decedent under his employment were in noway connected with operating said trains. It is further averred that on the date mentioned Benjamin E. Wallace and the defendant railway company were jointly engaged in transporting cars belonging to said Wallace, and carrying his circus and menagerie, over the railroad of defendant company, and that said cars were made up and operated as two sections.

The complaint then proceeds as follows: "Plaintiff further says that while said sections of said train were being so transported over said defendant company's said line of road on the 7th day of August, 1903, as aforesaid, in and throughout the State of Michigan, near the city of Durand, the said decedent, John Thompson, was fatally injured by the negligent, careless and wrongful acts of defendant, in this to wit: That said defendant so carelessly and negligently managed and controlled said train, and the two sections thereof into which the same was divided, that they

ran the second section of said train into the first section thereof, without taking any precaution or making any effort whatever to prevent running said section into said first section, and that they negligently ran said sections so close together that when the first section was stopped the second could not be prevented from running into the rear end of the first section thereof, and that the servants and employes of said defendant, in charge of said trains, negligently failed to take any precaution whatever to prevent said second section from running into said first section, without making any effort to prevent so doing; that the engine and cars comprising said second section were old, worn out and decayed, so that the air brakes were loose, and the air-brake pipes, springs and air-brakes were so loose, leaky and worn out that they would not operate when an attempt was made to stop said section of said train, as the defendant well knew when they undertook to transport said decedent, as aforesaid, and that they, by reason of said negligence of said trainmen of defendant's and by reason of the negligence of defendant's servants in charge of said train, and by reason of the worn out and dilapidated, and negligent useless condition of said engine and cars and the air-brakes, air-pipes and brakes of said engine and cars of said section, as aforesaid, the second section ran and crashed into the rear end of said first section, on which said decedent was riding, as aforesaid, and crushed, broke to pieces and destroyed the cars comprising said first section, including the car in which said decedent was riding, and so crushed, maimed and mangled said decedent that he died on the 8th day of August, 1903, as a result thereof, and as a result of said negligence and wrongful acts of said defendant.''

The complaint then sets out the statute of Michigan, which authorizes a recovery in case the death of a person is caused by the wrongful act of another, and avers that plaintiff's decedent died in Michigan, as a result of said injuries, and left surviving him his father, who under the laws of

Michigan was capable of inheriting from him. The complaint concludes with a prayer for damages.

According to the averments of the complaint, the collision which resulted in the death of appellee's decedent was caused either by the negligence of the servants of the defendant in charge of the train, or by the worn-out and defective condition of the air-brakes and connections with which the cars belonging to defendant Wallace were equipped, or from both of these causes acting together.

The complaint does not directly aver that the persons in charge of the train were in the employ of defendant Wallace. They are referred to as the servants of the 1. "defendant," without designating which one of the defendants is meant. If the persons in charge of the train were not the servants of Wallace, it is clear that he cannot be held liable for an injury resulting from their negligence. It is averred, however, that the two defendants were jointly operating said train at the time the collision occurred, and it is contended on behalf of appellee that this sufficiently shows that the persons in charge of said train were the servants of both defendants. We have serious doubts as to the sufficiency of the complaint in this particular; but, as it is clearly bad for other reasons, we need not decide this question.

The injury and death of appellee's decedent occurred in Michigan, and, as there is no averment of the complaint to the contrary, we must presume that the common law 2. on the subject of the liability of a master for injuries to his servant caused by the negligence of a fellow servant still prevails in that state, and that it is the same as the common law of this State on that subject. *Baltimore, etc., R. Co.* v. *Reed* (1902), 158 Ind. 25; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370; *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273. The act of the legisla- 3. ture of this State, known as the employer's liability act (§§8017-8020 Burns 1908, Acts 1893 p. 294, §§1,

3-5), has no extraterritorial force. In determining the sufficiency of this complaint, we must consider it, in the light of the common law of this State, unaffected by the statute to which we just referred.

In an action at common law against a master to recover damages in favor of a servant caused by the negligence of another in the employ of the common master, the

4. complaint must show by affirmative averments that the negligent employe was not the fellow servant of the person injured. To render a master liable in such a case it must appear that the negligent employe was in the discharge of a duty which the master owed to the injured servant. *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 17 L. R. A. (N. S.) 542; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *New Pittsburgh Coal, etc., Co.* v. *Peterson* (1894), 136 Ind. 398, 43 Am. St. 327.

Conceding, without deciding, that the averments of the complaint sufficiently show that the negligent employe was the servant of defendant Wallace, the complaint is still insufficient to charge this defendant with liability for the negligence of such servant, unless facts are averred which affirmatively show that the negligent servant was not a fellow servant of appellee's decedent.

The complaint avers that appellee's decedent was employed in connection with the circus and menagerie, and that his duties were to assist in erecting tents and in preparing the circus and menagerie for transportation from place to place, and that they were in noway connected with operating the trains upon which he and the property of defendant Wallace were transported. It is argued on behalf of appellee that these averments show that the employes in charge of the trains were not fellow servants of decedent.

For the purpose of determining who are and who are not fellow servants, two rules of classification have been resorted to by the courts. The courts of Illinois and of some other

states adopt what is known as the consociation rule. Under this rule two employes are fellow servants when their employment is of such a character as to bring them into intimate association with each other so that each servant may be in a position to take measures to ward off danger which may be created by an act of negligence already committed or on the point of being committed, by a colaborer, and where each servant so employed has the opportunity from such association of lessening his danger by exercising upon his coemployes an influence calculated to produce care and caution on their part, by his counsel, exhortation and example, and, if necessary, by reporting to their common employer any want of care on the part of the employes with whom he is associated. Courts which adopt this rule have held, in applying it, that in cases where the duties of the injured servant and those of the negligent servant are such as to bring them into this intimate association and relation with each other, they will be held to be fellow servants, and the common master will not be held liable to the injured servant on account of the negligence of the one offending; but that where this intimate relation between the injured servant and the negligent one does not exist, the rule will not be held to apply. *Chicago, etc., R. Co.* v. *Moranda* (1879), 93 Ill. 302, 34 Am. Rep. 168; *Illinois Cent. R. Co.* v. *Hilliard* (1896), 99 Ky. 684, 37 S. W. 75; *Hammarberg* v. *St. Paul, etc., Lumber Co.* (1898), 19 Wash. 537, 53 Pac. 727.

The other rule of classification, which is adopted by the courts of the greater number of states, is based on the proposition that the exemption of the master from liability for injury to one of his servants caused by the negligence of another servant engaged in the same common enterprise and employed in a service tending to accomplish the same general result, is based upon the contractual relation existing between the master and the servant. Upon entering into the service of the master, the

servant impliedly agrees to assume all the risks ordinarily incident to the employment which he undertakes. Among the risks so assumed is the risk of being injured through the negligence of other employes of the common master engaged in the same enterprise, and it is to be presumed that such dangers so assumed are taken into account at the time the servant is employed, and are considered in fixing his compensation. Courts that adopt this rule have held, in applying it, that where the injured servant and the negligent one are employed by the same master, and engaged in the same general enterprise, and both employed to perform services tending to produce the same general result, they are fellow servants, regardless of the question as to whether or not they are intimately associated with each other in the discharge of their several duties. *Atchison, etc., Bridge Co.* v. *Miller* (1905), 71 Kan. 13, 80 Pac. 18, 1 L. R. A. (N. S.) 682; *Farwell* v. *Boston, etc., R. Corp* (1842), 4 Met. (Mass.) 49, 38 Am. Dec. 339; *Lehigh Coal Co.* v. *Jones* (1878), 86 Pa. St. 432; *Blake* v. *Maine Cent. R. Co.* (1879), 70 Me. 60, 35 Am. Rep. 297; *Brodeur* v. *Valley Falls Co.* (1889), 16 R. I. 448, 17 Atl. 54; *Morgan* v. *Vale, etc., R. Co.* (1864), 5 Best & S. 570, 12 Wk. Rep. 1032.

This court is not free to choose between these two rules of classification, for the reason that the Supreme Court of this State has long been committed to the rule last stated.

6. *Slattery* v. *Toledo, etc., R. Co.* (1864), 23 Ind. 81; *Columbus, etc., R. Co.* v. *Arnold* (1869), 31 Ind. 174, 99 Am. Dec. 615; *Ohio, etc., R. Co.* v. *Hammersley* (1867), 28 Ind. 371; *Thayer* v. *St. Louis, etc., R. Co.* (1864), 22 Ind. 26; *Wilson* v. *Madison, etc., R. Co.* (1862), 18 Ind. 226; *Ohio, etc., R. Co.* v. *Tindall* (1859), 13 Ind. 366, 74 Am. Dec. 259.

The cases of *Gillenwater* v. *Madison, etc., R. Co.* (1854), 5 Ind. 339, and *Fitzpatrick* v. *New Albany, etc., R. Co.* (1856), 7 Ind. 436, are no longer regarded as properly

stating the law on the subject under consideration, having been referred to and expressly disapproved in the case of *Columbus, etc., R. Co.* v. *Arnold, supra*. In the case last cited, Worden, J., speaking for the court, quotes with approval the following language from the case of *Wright* v. *New York Cent. R. Co.* (1862), 25 N. Y. 562: "Neither is it necessary, in order to bring a case within the general rule of exemption, that the servants, the one that suffers and the one that causes the injury, should be at the time engaged in the same operation or particular work. It is enough that they are in the employ of the same master, engaged in the same common enterprise, both employed to perform duties and services tending to accomplish the same general purposes, as in maintaining and operating a railroad, operating a factory, working a mine, or erecting a building. The question is whether they are under the same general control."

The later decisions of the Supreme Court are all in accord with the earlier decisions on this subject. *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185.

In this case it appears from the averments of the complaint that plaintiff's decedent was employed by defendant Wallace as a tent man, and as a part of his employment he was transported from place to place on said defendant's trains. If we assume that the persons in charge of the train were also in the employ of Wallace, then they and the decedent were employed by the same master in the same common enterprise, and consequently were fellow servants within the rule adopted by the courts of this State. The character of the employment of appellee's decedent was such as to expose him to the danger of being injured by the negligence of the persons in charge of the trains every time he went on board to be transported from one place to

another. It is therefore not unreasonable to hold that this was one of the ordinary risks of the service contemplated by the parties at the time decedent was employed.

It has frequently been held that a person being transported to and from his work on a train is a fellow servant with the persons in charge of the train, where they are both employed by the same master and engaged in a common enterprise. *Southern Ind. R. Co.* v. *Messick* (1905), 35 Ind. App. 676; *Indianapolis, etc., Transit Co.* v. *Andis* (1904), 33 Ind. App. 625; *Indianapolis, etc., Transit Co.* v. *Foreman, supra; Roland* v. *Tift* (1908), 131 Ga. 683, 63 S. E. 133, 20 L. R. A. (N. S.) 354; *Capper* v. *Louisville, etc., R. Co.* (1885), 103 Ind. 305; *Schwind* v. *Floriston, etc., Paper Co.* (1907), 5 Cal. App. 197, 89 Pac. 1066; *Ohio, etc., R. Co.* v. *Tindall, supra; Sanderson* v. *Panther Lumber Co.* (1901), 50 W. Va. 42, 40 S. E. 368, 55 L. R. A. 908, 88 Am. St. 841.

The complaint is not sufficient to state a cause of action based on the negligence of the persons in charge of the train. The demurrer thereto should have been sustained, unless it can be held to state a cause of action upon the ground that the air-brake appliances on the cars were defective. The complaint is fatally defective in this particular, because it fails to aver that appellee's decedent had no notice of the worn and defective condition of said air-brakes, as charged in the complaint, prior to the collision which resulted in his death. If he knew that the train was equipped with defective air-brakes, he is held to have assumed all risk of injury resulting from this cause. *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153; *New Kentucky Coal Co.* v. *Albani* (1895), 12 Ind. App. 497; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105.

It is not necessary to pass upon the other questions presented by this appeal. The judgment is reversed, with directions to grant a new trial and sustain the demurrer of defendant Wallace to the amended complaint.

Hottel, J., dissents.